NANCY J. ALLEN, Respondent, v. CITY OF SPRINGFIELD, Appellant.

### St. Louis Court of Appeals, February 26, 1895.

1. **Injury from Defective Sidewalk**: PLEADING. In an action for injuries resulting from a defective sidewalk on a public street, the petition described the injury as having taken place on the south side of one street between two others. *Held*, that, if this description was deemed inadequate, its sufficiency could only be tested by motion to make it more definite.

2. ———: WITHDRAWAL OF EVIDENCE BY INSTRUCTION. The plaintiff in the action was permitted, in the face of objection, to establish certain outlays for the hire of servants as an element of her damages, but this evidence was withdrawn by instruction. *Held*, that, if there was error in the reception of this evidence, it was cured by the instruction.

3. ———: REFERENCE TO PLEADINGS IN INSTRUCTIONS: NONPREJUDICIAL ERROR. As a general rule it is error by instruction to refer the jury to the pleadings for the issues. But a reference in an instruction to the pleadings will not constitute error, when it is made only for the purpose of brevity in the designation of the uncontroverted matter.

4. ———: EXCESSIVE DAMAGES. The plaintiff, in consequence of the negligence of the defendant municipal corporation in the maintenance of a defective sidewalk, fell and broke her right ankle. She was confined to her bed for three weeks, and to her house for months, and was compelled to use a crutch thereafter. There was also evidence of permanency of injury to some extent. Her damages were assessed at $2,000. *Held*, that the verdict could not be declared excessive on appeal.

*Appeal from the Greene Circuit Court.*—HON. JAMES NEVILLE, Judge.

AFFIRMED.

*A. B. Lovan* and *Charles J. Wright* for appellant.

*T. J. Delaney* and *Harrington & Pepperdine* for respondent.

ROMBAUER, P. J.—The plaintiff, a married woman, sued the defendant for injuries received by a fall caused by a defective sidewalk on one of defendant's public streets. The answer was a general denial and a plea of contributory negligence. The jury found for the plaintiff in the sum of $2,000. From a judgment entered upon this verdict the defendant appeals, and assigns for error that the petition is fatally defective, and that the court erred in not sustaining defendant's demurrer to the evidence, and also erred in ruling on the evidence and instructions. A further complaint is made that the verdict is excessive to such an extent as to indicate bias on the part of the jury.

There was no demurrer to the petition. The first objection made to it was by motion in arrest of judgment. The objection made to it here is that the exact place where the accident occurred is not sufficiently designated, and that it fails to show that the city had notice of the alleged defect. Both these objections are untenable. The petition states that the accident occurred on the sidewalk on the south side of Calhoun street, between Campbell and Boonville streets. This is a sufficient designation of the place. If the distance between these two streets is so great that a closer specification was called for, the defendant should have moved to make that part of the petition more definite. As the petition distinctly states that the sidewalk at the point in the question was continuously out of repair for a period of six months or more immediately preceding the accident, and that it had, in many places, holes from two to four inches in breadth, and from twelve to eighteen inches in length, caused by the defendant's neglect to repair the same, it sufficiently states by necessary intendment that the defendant had notice of the defect, or that it was its duty to

know it. Into which particular hole the plaintiff stepped is immaterial, since all the testimony concedes that she stepped into one of them, and no other explanation of the accident is even attempted.

The court, against the defendant's objection, permitted the question to be put to the plaintiff whether she had paid anything for medical attendance. As the witness answered the question in the negative, the error, if any, of allowing the question to be put was harmless. Against a similar objection, the court permitted the plaintiff to testify that *she paid* $2 a week for servants' hire during many months, while she was unable to attend to her work owing to the injuries received by the accident. As there was evidence in the case that the plaintiff, although a married woman, kept boarders on her own account, it is by no means clear that the admission of this evidence was error. Under the law, as it now stands, a married woman may subject herself to personal liability, even for servants' hire. In any event no harm was done by the admission of this testimony, as the court, upon plaintiff's request, instructed the jury that they should not consider medical attention *or servant hire* as an element of damages. There is, therefore, no merit in the second assignment of error.

The court at the plaintiff's request gave, among others, the following instruction:

"The court instructs the jury, if they believe from the evidence that the defendant, at the time mentioned in the petition, was a city of the third class, and that Calhoun street at the point designated was a public street; and if the jury further believe from the evidence that the sidewalk on the south side of said street, at the point designated in petition, had a hole in it or defect as described in petition, and that such hole or defect rendered it unsafe or dangerous to travel,

and that the defendant had knowledge or notice of such defect and negligently permitted the same to remain, and that plaintiff, while using said sidewalk in the ordinary course of travel in a prudent and careful manner, stepped into said excavation without any negligence on her part, and sustained damage, you will find for the plaintiff."

This instruction is claimed to be erroneous, because it speaks of the place of the accident as Calhoun street *"at the point designated,"* and of said street *"at the point designated in petition."* As a general rule it is error to refer the jury to the pleadings for the issues. *Remmler v. Shemuit,* 15 Mo. App. 192. But where the reference is not touching some essential controverted matter, but merely for the purpose of brevity of designation, it will not constitute error. *Edelmann v. Transfer Company,* 3 Mo. App. 506; *Corrister v. Railroad,* 25 Mo. App. 619. Here all the testimony adduced related to defects in the sidewalk on Calhoun street, between Campbell and Boonville streets, and we can not see how this reference to the pleadings could possibly have prejudiced the defendant. The instructions given on behalf of the defendant simply speak of the defect in the sidewalk as "the defect complained of" and as "said defect," clearly showing that there was no controversy between the parties as to the location of the defect, provided it existed.

The defendant claims that the fact of a defect or hole in the sidewalk at the point in question is controverted, but we do not so read the record. The plaintiff's witnesses vary in their statements as to the exact size and location of the hole, but all concur in the fact that the sidewalk was decayed and full of holes. One of them states that he called the attention of the defendant's street commissioner repeatedly to the dangerous condition of the sidewalk prior to the acci-

dent, and the street commissioner, when called in rebuttal, does not deny the fact of notice, and simply says *he does not recollect* whether his attention was called to it *before or after* the accident. Another witness for the plaintiff, who was a member of defendant's council, says that he noticed the defect frequently prior to the accident, spoke of it to members of the council, and probably had a conference with the street commissioner about it. Under this state of the evidence we must overrule the second assignment of error.

At the date of the injury the plaintiff was forty-four years of age. Her right foot caught in the hole, and, falling forward, she broke her ankle. The testimony concedes that she was confined to her bed for three weeks after the accident, suffering great pain; that she was confined to her house for months, and thereafter had to use a crutch in going about. The accident occurred in September, 1893. The trial took place in July, 1894. The plaintiff's attending surgeon had examined her in the preceding March, at which time he found her joint still swollen, and her foot slightly swollen. He testified that, at plaintiff's age, the fracture which she suffered would produce a permanent thickening of the parts around the joint, and that her foot was permanently weakened and stiffened some—to what extent he could not say. His testimony tended to show that plaintiff in all probability would not regain the normal use of her foot during the residue of her life, although some slight improvement would likely take place in her condition in course of time. The defendant gave no evidence tending to show that the injury was not permanent. Under these circumstances we can not say as a matter of law that the verdict was excessive, much less that the amount of the verdict indicated bias on part of the jury.

Verdicts for the same and larger amounts have been upheld for slighter injuries. *Dimmitt v. Railroad*, 40 Mo. App. 654; *Brown v. Railroad*, 99 Mo. 310.

All the judges concurring, the judgment is affirmed.