**DR. P. PHILLIPS & SONS, INC., a corporation, v. B. KILGORE.**

12 So. (2nd) 465 January Term, 1943
March 23, 1943 Division A
Rehearing Denied April 5, 1943

*C. P. Dickenson, Hugh Akerman* and *M. A. McMullen,* for appellant.

*A. B. Angle, W. B. Dickenson, Jr., S. Whitehurst's Sons* and *James Whitehurst,* for appellee.

TERRELL, J.:

This appeal had its genesis in an action by B. Kilgore against Dr. P. Phillips, Walter Phillips, Howard Phillips, Dr. P. Phillips & Sons, Inc., and Dr. P. Phillips Investment Company Inc., a corporation. It is predicated on the theory that defendants conspired to injure the plaintiff in that they procured one, I. Zemurray to institute a suit against him (Kilgore) for damages in the sum of $100,000. A trial resulted in a verdict of $25,000 for the plaintiff against Dr. P. Phillips & Sons Inc., and an acquittal of all the other defendants. The trial court entered judgment on the verdict conditioned on a remittitur in the sum of $10,000 which was accepted. Dr. P. Phillips & Sons, Inc., appealed.

The first question may be stated as follows: When a corporation and its directors are sued jointly in an action of malicious conspiracy to injure another and the jury acquits the directors but returns a verdict against the corporation on which judgment is rendered, should the judgment be permitted to stand?

The alleged malicious conspiracy consisted not alone in having the suit of I. Zemurray v. Kilgore brought in the circuit court but in keeping it in litigation for years and thereby injuring the credit and financial rating of Kilgore in his business, he being a large grower and shipper of citrus fruits and it being necessary for him at times to borrow large sums to operate his business.

The declaration contains all the essential elements of malicious conspiracy. It alleges a conspiracy by the defendants to damage the credit and financial rating of the plaintiff; it alleges the overt act done in pursuance of the conspiracy, the bringing of the suit and the damages resulting from the overt act. The defendants were sued as joint and several conspirators, and not as principal and agent. The jury found the directors "not guilty" individually or severally but guilty as officers of the corporation.

Appellant contends that the judgment should not be permitted to stand on the theory that a corporation acts only through officers or agents and that since they were acquitted, it necessarily follows that the corporation must be acquitted.

The corporation cannot in other words, be guilty of malice or a conspiracy except through its agents. Dwyer v. St. Louis Transit Co., 108 Mo. App. 152, 83 S.W. 303; Grorud v. Lossl, et al., 48 Mont. 274, 136 Pac. 1069; Portland Gold Min. Co. v. Stratton's Independence, 158 Fed. 63, and like cases are relied on to support this contention.

This contention is not without support in some jurisdictions, particularly in cases where the defendants are sued as principal and agent but when the defendants are sued jointly and severally or individually and as officers of a corporation, the verdict may be against one or more and may be an acquittal as to others. The reason for the rule is that actions for conspiracy are a species of action on the case, the gist of which is the injury done and not the unlawful conspiracy.

Under the common law, such an action was brought on what was known as the writ of conspiracy which depended on the guilt of two or more. The common law writ of conspiracy has been supplanted by the remedy of action on the case in the nature of conspiracy under which a judgment may be entered against one or more and the others may be acquitted. Humphrey v. Terry, 206 Ala. 249, 89 So. 607; James v. Evans, 3 Cir., 149 Fed. 136, 12 C.J. 257, p. 646; 15 C.J.S., Conspiracy par. 31; 4 Enc. Pld. and Prac. 74.

Much is said in the briefs in reference to the relation of an action for malicious conspiracy to that of malicious prosecution but we consider and treat this as an action for malicious conspiracy to injure the credit and financial rating of the plaintiff. We find no reason for confusing the actions or to be in doubt as to which we are confronted with here.

It is next contended that the suit of I. Zemurray v. Kilgore was brought on the advice of counsel and being so, when that fact was established, the defendants were entitled to an instructed verdict in their favor.

It is quite true that this defense was timely raised by appropriate plea and if the proof had shown that all material facts had been given the attorney in question, it would have been a good defense but the trial court found that this had not been done and we must decline to find him in error. In

fact, the evidence on the point is unsatisfactory and inconclusive and would not warrant an instructed verdict.

The only other question we consider necessary to discuss relates to the sufficiency of the evidence to support the verdict and whether or not there was sufficient showing in the evidence for an instruction relative to punitive damages.

Punitive or exemplary damages is an amount allowed over and above actual or conpensatory damages. Its allowance depends on malice, moral turpitude, wantonness, or the outrageousness of the tort and is awarded as a deterrent to others inclined to commit a like offense. It is in the province of the trial court to determine as a matter of law whether or not there is a basis for punitive damages and instruct the jury accordingly. Whether or not the elements are present to warrant it is for the jury in the light of all facts of the case.

We have examined the evidence on both question of compensatory and punitive damages and it is so voluminous we will not attempt to discuss it more than to say that it is ample if believed to warrant the judgment, so it is affirmed.

Other questions argued have been considered but we find no reversible error.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.