HAZEL ADAMS, Appellant, v. CITY OF ST. JOSEPH, MISSOURI, Respondent, No. 41326—230 S. W. (2d) 862.

Division Two, June 13, 1950.

*Abe Goldman* and *Strop & Strop* for appellant.

*Ronald S. Reed,* City Counselor, and *Milton Litvak,* Assistant City Counselor, for respondent.

LEEDY, J.—Action by Hazel Adams against City of St. Joseph for personal injuries allegedly sustained by her when she tripped and fell upon a sidewalk by reason of the city's negligence in maintaining it in a dangerous and unsafe condition. Verdict and judgment for defendant, and plaintiff appeals. Appellate jurisdiction is in this court because of the amount in dispute, $35,000, the sum prayed in the petition. Art. V, § 3, Constitution of Mo. 1945.

The petition alleged, among other things, that plaintiff, on February 20, 1947, about 1:30 p. m., while walking eastwardly on the sidewalk

on the north side of Isabelle, between Second and Third Streets, was injured when she was caused to trip, stumble and 'fall by reason of a defect in the sidewalk. It further alleged that "said defect in the sidewalk was located about 120-⅓ feet east of the east curb of the northeast corner of ·Second and Isabelle Street and about 4 feet north of the north curb of Isabelle;" and that the defect "consisted of slabs of concrete not being level with each other and forming an obstruction on the sidewalk; one slab being 3 inches or more higher than the other slabs of concrete and varied over a space of 3 feet until it became level with the other portion of the concrete slab."

Except for an admission as to its status as a municipal corporation and that the streets mentioned in the petition were public thoroughfares, the answer denied all of the allegations of the petition. It also set up a plea of contributory negligence on the part of plaintiff, and challenged the sufficiency of the notice served by plaintiff upon the Mayor under § 6577, R. S. '39 and Mo. R. S. A.

 On this appeal the only error assigned by plaintiff relate to the giving of instructions "B" and "E" on the part of the city. For the purpose of determining the propriety of instruction "E", it is sufficient to state that plaintiff's evidence tended to prove the allegations of her petition, and that whatever evidence there was of contributory negligence on plaintiff's part appeared from her own testimony, she being the only person present at the time. Instruction "E" was on the burden of proof, and read as follows:

"The Court instructs the jury that the burden of proof is upon the plaintiff to prove each and every· fact necessary for her to recover, as set out in ·other instructions given herein, by a preponderance, that is, the greater weight of the credible evidence. If you believe that the plaintiff has not met this burden, or that the evidence is evenly balanced, or preponderates in favor of the defendant, then your verdict ·must be for the defendant City of St. Joseph."

The attack upon this instruction is that it improperly placed the burden of disproving contributory negligence upon the plaintiff, and that it conflicted with plaintiff's instruction No. 3, the latter reading as follows:

"Defendant claims that plaintiff herself was contributorily negligent. On this issue you are instructed that if you find from the evidence that at the time and place mentioned in˙ evidence Hazel Adams exercised such care as an ordinarily careful and prudent person would have exercised under the same or similar circumstances, then she was not contributorily negligent.

"And on this issue you are further instructed that Hazel Adams does not have the burden of proving that she was not contributorily negligent, but the burden of proving Hazel Adams failed to· exercise

ordinary care and that such failure directly contributed to cause plaintiff's injury, rests upon the defendant and unless the defendant has sustained such burden by the preponderance, or greater weight of all the credible evidence, you cannot find against Hazel Adams on the issue of contributory negligence.''

The case principally relied on by plaintiff is Szuch v. Ni Sun Lines, Inc., 332 Mo. 469, 58 S. W. 2d 471. It was there held that, under the particular circumstances there involved, the giving of a somewhat similar burden of proof instruction constituted prejudicial error. That instruction (No. 6) cast the burden upon plaintiff to ''establish by the preponderance or greater weight of the evidence, *the facts necessary to a verdict in his favor* under these instructions.'' City's instruction ''E'', here involved, told the jury that ''the burden of proof is upon plaintiff *to prove each and every fact necessary for her to recover,* as set out in other instructions given herein, etc.'' In both cases there was an issue as to plaintiff's contributory negligence. There was further similarity in the submission of the two cases in the circumstance that plaintiff's main instruction in each case required a finding, as a condition to plaintiff's recovery, thus: In the Szuch case ''that his [plaintiff's] automobile was being driven and operated without any negligence on his part;'' and in the case at bar that ''plaintiff, *while in the exercise of ordinary care for her own safety,* if you so find, was walking over said sidewalk and was caused to trip and fall, etc.'' But here the similarity ends, because, as the original files in the Szuch case disclose, there was no other instruction apprising the jury that, as to the alleged contributory negligence on plaintiff's part, the burden of proof was on the defendant; whereas, in the case at bar the jury was so instructed by plaintiff's instruction No. 3, and that in plain and unmistakable language.

Certainly there is nothing irreconcilable between instructions ''3'' and ''E''. What, then, was the likelihood of this jury being confused or misled as to where the burden of proof lay on the issue of plaintiff's contributory negligence by reason of the language of instruction ''E'' to the effect that the burden of proof was upon the plaintiff ''to prove each and every fact necessary for her to recover, as set out in other instructions given herein?'' We think the question answers itself, and that the sense and meaning of the two instructions, when read together, is so clear that no juror of ordinary intelligence would conclude that the burden of proof on that issue was upon plaintiff.

Bleil v. Kansas City, (Mo.) 70 S. W. 2d 913, and Cornwell v. Highway Motor Freight Line, 348 Mo. 19, 152 S. W. 2d 10, were cases where plaintiff's contributory negligence was at issue, and involved instructions placing on plaintiff the burden of proving ''his case'' by a preponderance of the evidence, and where plaintiff did not

request an instruction specifically imposing upon defendant the burden to prove contributory negligence. On appeal, those plaintiffs made the same contentions that are here advanced respecting the effect of the burden of proof instruction. While the cases are not precisely in point because of the difference in the wording of the instructions, they are, nevertheless, persuasive on the question of the "common sense" of the matter as to what the jury would understand, particularly when it is considered, as it must be, that plaintiff's instruction No. 3 was as effective in clarifying city's instruction "E" as if it had been appended as an original part of it, thus amplifying and making clear its meaning.

The other instruction given on the part of the city of which plaintiff complains (lettered "B") reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that no defect such as alleged in plaintiff's petition, existed in the sidewalk about one hundred twenty and one-third feet east of the east curb of the northeast corner of Second and Isabelle Street at the time plaintiff claims to have been injured, then your verdict must be for the defendant City of St. Joseph."

The first complaints touching this instruction are these: That "it referred to 'the defect as alleged in plaintiff's petition' when the petition was not introduced and the jury had no means of knowing, and had no evidence before it as to the nature of the 'defect as alleged in plaintiff's petition,' and permitted the jury to speculate about facts which were not in evidence, and thus to engage in conjecture and speculation." The cases cited in support of this proposition are: Lally v. Morris, (Mo. App.) 26 S. W. 2d 52; McCaslin v. Mullins, (Mo. App.) 17 S. W. 2d 684; Ward v. City of Portageville, (Mo. App.) 106 S. W. 2d 497; Allen v. City of Springfield, 61 Mo. App. 270. These cases are authority for the sound doctrine that it is not permissible to refer the jury to pleadings to ascertain the issues. But it is not every reference to the pleadings which will render an instruction prejudicially erroneous, as, for example, where the reference is not for the purpose just stated, but rather to identify a thing about which an issue is made by the pleadings (Baker v. Lyell, 210 Mo. App. 230, 242 S. W. 703, following Hartpence v. Rodgers, 143 Mo. 623, 45 S. W. 650; Ekstan v. Herrington, (Mo. App.) 204 S. W. 409; Dwyer v. St. Louis Transit Co., 108 Mo. App. 152, 83 S. W. 303, and Butcher v. Bell, (Mo. App.) 198 S. W. 1123. See, also, Sitts v. Daniel, (Mo. App.) 284 S. W. 857; or, as one of the cases says, where it is merely for the purpose of brevity of designation. Allen v. City of Springfield, supra. The nature of the defect (as distinguished from its location) alleged in the petition "consisted of slabs of concrete not being level with each other and forming an obstruction on the sidewalk; one slab of concrete being 3 inches or more higher than the other slab

of concrete and varied over a space of 3 feet until ▆▆▆ it became level with the other portions of the concrete slab.'' It was so described in the notice served on the Mayor, which was introduced in evidence. Plaintiff's instruction No. 1 required findings, as conditions to a recovery by her, that ''the slabs of concrete of the sidewalk were not level with each other and that there was a difference in their elevation of 2 or 3 inches at a point about 120-⅓ feet east of the east curb of the northeast corner of Second and Isabelle Street and 4 feet north of the north curb of Isabelle Street; * * * and that plaintiff * * * was caused to trip and fall, if so,· over the elevated slabs of concrete in the sidewalk, *as shown by plaintiff's evidence*, etc.'' All of the evidence on the part of plaintiff· made it clear that the nature of the defect was this difference of, 2 or 3 inches in elevation between the slabs at the point referred to in both plaintiff's instruction No. 1 and city's challenged instruction ''B''. The city did not admit there was any such defect at that point, or elsewhere; but, on the contrary, contended, and offered testimony tending to show, a pre-existing condition of that nature, between the slabs here in question (whatever their precise distance from the east curb of Second may have been), had been remedied, prior to the time plaintiff was injured, by the removal of offending tree roots. The dispute as to the location of the defect, if there was a defect, seems to stem from the method of computing the 120-⅓ foot measurement eastwardly on Isabelle from the northeast corner of its intersection with Second. The question as to the precise point at which such measurement would terminate in relation to the elevated slab over which plaintiff contends she tripped and fell depended, as the city engineer readily conceded, on what point in the arc of the curve at the corner just mentioned was used as a place of beginning. In the light of these facts, we are constrained to believe that the reference to the·petition could not have confused or misled the jury to plaintiff's prejudice.

Nor is the other objection tenable which complains of the instruction for failing to give a description for the location of the defect with reference to the north curb line of Isabelle Street. It will be noted that plaintiff's instruction No. 1 fixed the same as being ''4 feet north of the north curb of Isabelle Street.'' From this it is argued that there was a conflict between the two instructions because the place mentioned in ''B'' would be on the north curb of Isabelle, and for that reason the jury might have found against plaintiff. Under the undisputed evidence, the south edge of the sidewalk was 4 feet north of the north curb of Isabelle, and the defect hypothesized by· instruction ''B'' was one which *''existed in the sidewalk.''*

The judgment is affirmed. All concur.