78 So.2d 374 (1955)
Irving D. GLICKSTEIN, t/d/b/a Lobster House, Appellant,
v.
Ward W. SETZER, Appellee. and
Irving D. GLICKSTEIN, t/d/b/a Lobster House, Appellant,
v.
Thelma C. SETZER, Appellee.
Supreme Court of Florida. Special Division B.
February 23, 1955.
Joesph M. Glickstein, Jr., and Marks, Gray, Yates & Conroy, Jacksonville, for appellant.
Will O. Murrell, Jr., Jacksonville, for appellee.
TERRELL, Justice.
Ward W. Setzer and Thelma C. Setzer, husband and wife, each secured a judgment in the sum of $5,000 for personal injuries against Irving D. Glickstein, doing business as the Lobster House. The cases were tried together, separate appeals were taken but by stipulation of the parties they were combined, one record was brought to this Court and a single brief was filed on each side. We commend this practice and if followed oftener it would reduce costs and our labor materially.
The main point for determination is whether or not under the facts shown the judgment of $5,000 for each appellee was excessive.
The record shows that on July 4, 1953 the Setzers with their children went to the Lobster House for dinner. Adjoining the Lobster House and under the same roof was a saloon or cocktail lounge and a gift shop. The Setzers were looking over the latter and a ceramic horse is alleged to have fallen from the table or shelf to the floor and was shattered. Mrs. Setzer was charged as being responsible for this calamity. Payment for it was demanded and was at first refused, but later Mrs. Setzer agreed to pay for it. To initiate the affray one of the waitresses seized Mr. Setzer by the shirt and commenced pounding him as he was retreating from the Lobster House. The proprietor appeared on the scene promptly with a bevy of Negro employees who grabbed hold of Setzer and held him while appellant proceeded to give him a severe pounding in the face with his fist. Setzer's physical condition was such as required him to wear a brace, he was not physically able *375 to resist the force that was thrown against him. He could do little but submit to the beating and humiliation in the presence of his wife and children.
Two days later Mr. Setzer was examined by a doctor who found bruises about the left eye and on his arms, scratches and lacerations on his hands and body, and while most of the swelling appeared to be gone there was bloody tissue about the eye, some discomfort about the back, but reflexes were normal. Other injuries were noted but none of them were thought to be permanent. The humiliation and bruised feelings were perhaps the worst indignities the patient suffered. Mrs. Setzer's bruises were numerous but small; they were found on her arms and body, they caused considerable pain and suffering and she had to wear garments to cover them for some time. She said that her degradation, disgrace and humiliation were unbearable. She was treated several times by the doctor but there is no showing of permanent injury. There was showing of nervous imbalance.
It is last contended that the trial court committed error in charging the jury on punitive damages. Punitive damages are allowed for malice, moral turpitude, wantonness or for outrageous tort. Dr. P. Phillips & Sons v. Kilgore, 152 Fla. 578, 12 So.2d 465. Appellant says there is no evidence of malice, moral turpitude or wantonness to warrant such a charge in this case. The trial court had a different view about this and from the manner in which appellant and his employees pursued appellees, assaulted and beat them, we cannot say there was not a basis for the charge. It is not shown that appellees were at any time the aggressors and for all the record shows, if appellant's attitude had been seasoned with a small measure of human kindness and a few gills of self-restraint, the unfortunate affray could have been avoided. Such affairs are rarely provoked for slighter reasons and the fact that appellees were guests of appellant intensifies its ugliness. Appellant appears to have overlooked the high degree of care that the law exacts of innkeepers and operators of restaurants with respect to their guests. If failure in the exercise of this care injects humiliation, cultural and other intangibles into the picture as part of the damage suffered, the modern jury is not inclined to measure it in the coin of former generations of cheap commodities.
On thorough consideration of the record we are convinced that the jury gave serious consideration to the proof of pain, humiliation, embarrassment and mental suffering. These are elements that they had a right to take into account in making their award of damages when, as in this case, they are a sequel to physical punishment. Here a respectable family of Jacksonville was assaulted by the proprietor of a popular eating place where they were invited to be, the father and mother were overpowered, beaten and bruised in the presence of their children while they were retreating from their assailants and for reasons that were childish and frivolous. How much cash would reasonably compensate them for being the victims of such a fracas is not easy to determine but the jury had the picture displayed to them and gave an amount they considered reasonable. The award may seem a little hefty but appellees were voluntarily ganged up on by their assailants, well-knowing that the cost of luxuries sometimes runs to astronomical figures, depending on personal injury, humiliation, pain and mental suffering. The trial judge refused to disturb the award and we are not convinced that error was committed. In handling the legal aspect growing out of a social lapse like this, the trial judge is always aware of conditions that affect it which cannot be transmitted to us, hence we are hesitant to reverse him.
The judgment is therefore affirmed.
MATHEWS, C.J., and SEBRING and HOBSON, JJ., concur.