LILES, Judge.
Appellant Lehmann brings this interlocutory appeal from an order granting appel-lees’ motion to dismiss Count II of appellant’s amended counterclaim.
Appellee King’s Inc. brought a suit in equity seeking a declaratory decree construing a lease agreement between the parties. Appellant filed his answer and counterclaim against King’s, Inc., and appel-lees filed a motion to dismiss the counterclaim, motions to strike, and other motions not pertinent to this appeal. The lower court granted the motion to strike certain portions of the allegations in the counterclaim and gave appellant leave to amend. It denied appellees’ motion to dismiss.
Appellant then filed his amended counterclaim alleging in Count I a claim for breach of contract between him and King’s, Inc. and seeking compensatory damages for the alleged breach. In Count II of the amended counterclaim appellant re-alleged averments of Count I, added the acts complained of were done “willfully and intentionally,” and sought punitive damages thereunder. Appellees again moved to dismiss Count II and the lower court granted this motion. It is from this order that appellant takes this appeal.
Appellees question appellant’s right to bring this interlocutory appeal and assert that since the counterclaim seeks money damages only, it states a common law action. Appellees argue that an appeal from an interlocutory order relating to the counterclaim is not proper unless it relates *230 only to venue or jurisdiction. We do not agree with this contention. Appellees’ original suit was brought in equity and is controlled by Rule 4.2, subd. a, Fla.App.Rules, 31 F.S.A., which states in part,
“Appeals to district courts from interlocutory orders at law relating to venue or jurisdiction over the person, appeals * * * from interlocutory orders or decrees in equity * * * may be prosecuted in accordance with this rule * * *.” (Emphasis added.)
No distinction is made as to character of equity orders contemplated, and the rule is meant to encompass all such orders. Once equity jurisdiction has attached, it is retained for all purposes to administer full, complete and final relief. 12 Fla.Jur., Equity § 43. The order appealed is one entered pursuant to equitable proceedings and may therefore be appealed pursuant to Rule 4.2, subd. a, Fla.App.Rules.
Appellant’s argument that the lower court erred in dismissing Count II of his amended counterclaim when it had previously denied such a motion is likewise without merit. As was pointed out above, the lower court had granted portions of appellees’ motion to strike certain allegations in the counterclaim and granted leave to amend. Appellant then filed his amended counterclaim, and this amended counterclaim was subject to another motion to dismiss under Rule 1.11(b), Fla.Rules of Civil Procedure, 30 F.S.A. The lower court did not err in considering the motion directed to the amended counterclaim.
The main question presented by appellant is whether the lower court erred in dismissing Count II of appellant’s amended counterclaim seeking punitive damages for alleged acts amounting to breach of contract. We adhere to the general rule in this area as set forth in Griffith v. Shamrock Village, Fla.1957, 94 So.2d 854, at 858, where the court said:
“ * * * punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant. But where the acts constituting a breach of contract also amount to a cause of action in tort there may be a recovery of exemplary damages upon proper allegations and proof. In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort. * * * ”
The court went on to say that the allowance of punitive damages in such instances is dependent upon a showing of malice, moral turpitude, wantonness or outrageousness of tort, citing Ross v. Gore, Fla.1950, 48 So.2d 412, and Dr. P. Phillips & Sons, Inc. v. Kilgore, 1943, 152 Fla. 578, 12 So.2d 465.
A recent decision on this subject is found in Moore v. Southern Bell Telephone & Telegraph, Fla.App.1965, 176 So.2d 558. In that instance, we held that in order to form a basis for punitive or exemplary damages, it is necessary to allege some general facts and circumstances constituting fraud, malice, gross negligence or oppression. We do not believe that appellant’s allegations meet this test. While the allegations are more than sufficient to allege a breach of agreement between the parties, and, if proven, would entitle appellant to compensatory damages, they fail to state a cause of action which would support an award of punitive damages.
The lower court’s order dismissing Count II of appellant’s amended counterclaim is, therefore, affirmed.
ALLEN, C. J., and KANNER (Ret.), J., concur.