JOHNSON, Judge.
This is an appeal from an order denying appellant-plaintiff’s motion for rehearing and new trial and the order of the Circuit Court granting the defendant’s — Wilson & Toomer Fertilizer Company’s motion for directed verdict and entering judgment for said defendant — Wilson & Toomer Fertilizer Company.
Wilson & Toomer Fertilizer Company, Financial News Corporation and Solomon G. Williams were sued by the plaintiff-appellant for damages sustained by the plaintiff-appellant when he was struck down and run over by an automobile on Matthews Bridge in the City of Jacksonville, Florida. It was not known just which automobile struck the plaintiff, but such question was not material under the allegations of the complaint.
Without going further into the facts as to the defendant Financial News Corporation, suffice it to say that some type of settlement was reached between the appellant and said defendant and said defendant dismissed from the suit.
Also, the trial court directed a verdict of guilty against Solomon G. Williams, as to liability only, and so instructed the jury with the added instruction that the jury’s sole function as to the defendant, Solomon G. Williams, was the question of damages.
The defendant Wilson & Toomer Fertilizer Company made a motion for a directed verdict, at the close of the plaintiff’s *218 case and again at the conclusion of all the evidence. The court denied these motions and permitted the case to go to the jury. The jury failed to return a verdict and the trial court declared a mistrial as of May 18, 1966. On May 26, 1966, within the ten days allowed by F.R.C.P. Rule 2.7 (now 1.480 1968 revised rules 30 F.S.A.), the defendant Wilson & Toomer Fertilizer Company moved the court for a judgment in its favor based upon the grounds set forth in said defendant’s motions for a directed verdict. This motion was granted and an order of judgment for this said defendant was entered October 3, 1966.
A motion for rehearing and for a new trial was filed by the appellant, the motion for new trial specifically praying for a new trial against the two remaining defendants. (The two remaining defendants were Wilson & Toomer and Solomon G. Williams.) This motion was denied by the court, without providing any exception as to the defendant Solomon G. Williams, against whom the court had previously directed a verdict as to liability. Hence this appeal.
The trial court had expressed some question of doubt at the time the motion for a directed verdict was first made at the conclusion of the evidence. We feel that we can assume that the court’s doubt could have been or was strengthened by the failure of the jury to return a verdict, although this is an immaterial assumption. Regardless of why the trial court decided to grant the motion for directed verdict, we find that he was acting properly within the Rules of Civil Procedure. In granting the motion, the trial court was in effect making a determination from the facts and evidence that there was an insufficiency of material and competent evidence upon which the jury could base a verdict against the said Wilson •& Toomer Fertilizer Company. The trial court having had the benefit of observation of the witnesses as well as other material aspects of the trial, which cannot be transmitted to an appellate court, we will not substitute our judgment for that of the trial court, and in fact agree with him that from such evidence, the motion should have been granted and judgment entered for said detendant, Wilson & Toomer Fertilizer Company.
The trial court, however, inadvertently or otherwise, failed to take into consideration the fact that said motion for a new trial included the defendant, Solomon G. Williams, also. Therefore, having already directed a verdict against this defendant as to liability, the court should have granted a new trial as to Williams.
In accordance with the above holding of this court, the judgment appealed from is affirmed as to the defendant Wilson & Toomer Fertilizer Company and reversed as to the defendant Solomon G. Williams, and said cause remanded to the lower court for entry of proper order in accordance herewith and granting a new trial as to the defendant Williams.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.