PER CURIAM.
ON PETITION FOR REHEARING
This case is before us again upon a Petition for Rehearing. This Court had rendered its Per Curiam opinion on November 9, 1971, affirming the judgment of the lower court.
We have carefully reconsidered the briefs and records upon which our original opinion was based, as well as the Petition for Rehearing and the respective briefs of the appellant and the appellees, and upon such reconsideration, we have concluded that we were a little too hasty in our opinion.
We do hereby recall and cancel our original opinion, and substitute instead this as our opinion as follows:
We think, and so hold, that the jury verdict awarding compensatory damages to the appellees (plaintiffs below) was amply supported by the evidence and to that end, such portion of the judgment of the lower court is affirmed.
As to the question of punitive damages of $3,000 awarded, we have reconsidered and are now of the opinion and so hold that the trial court should have disallowed the jury to consider punitive damages under the circumstances as gleaned from the evidence. As stated by this Court in General Finance Corporation of Jacksonville, Inc. v. Sexton, 155 So.2d 159 (Fla.App. 1st, 1963), there was no evidence of “deliberate violence, malice, or other acts which exceed those permitted defendant had it not been mistaken in its bona fide assertion of a supposed right . . . ” There is no expressed nor implied malice, fraud or such gross negligence as to indicate a *708 wanton disregard of the rights of others. (General Finance Corp. of Jacksonville v. Sexton, supra).
It is the province of the court, in all cases of claims for punitive or exemplary damages, to decide whether or not there is any legal basis for recovery of such damages shown by the interpretation of the evidence favorable to the plaintiff and relied upon by him to support his claim. However, under the facts adduced in this record, construed in a light most favorable to the plaintiffs, it appeared that the representatives or employees of the appellant were only doing a job to which they were emloyed to do and the indications are that the officer or officers of appellant were acting under advice of counsel, and also under advice from the Sheriff’s Office. These circumstances negate the idea of malice or wantonness, and we think the trial court was in error in so construing the evidence as to determine as a matter of law that there was a basis for punitive damages and should have so instructed the jury. (See Dr. P. Phillips & Sons, Inc. v. Kilgore, 152 Fla. 578, 12 So.2d 465 (1943)).
For these reasons, we reverse the portion of the judgment of the lower court awarding punitive damages.
Said case is remanded to the lower court with directions that a new judgment be entered awarding compensatory damages in the amount of $895.00 to the plaintiffs, but deleting the award of any punitive damages to the plaintiffs.
Affirmed in part, reversed in part and remanded for correction consistent with this opinion.
SPECTOR, C. J., and CARROLL, DONALD K., and JOHNSON, JJ., concur.