296 So.2d 597 (1974)
Woodrow TUEL and Muriel Tuel, His Wife, Appellants,
v.
The HERTZ CORPORATION, Etc., et al., Appellees.
No. 73-881.
District Court of Appeal of Florida, Third District.
June 11, 1974.
Rehearing Denied July 19, 1974.
*598 Hawkesworth, Kay & Schmick, Horton & Perse and Arnold R. Ginsberg, Miami, for appellants.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, for appellees.
Before CARROLL and HENDRY, JJ., and BOARDMAN, EDWARD F., Associate Judge.
HENDRY, Judge.
Appellants-plaintiffs seek review of an adverse judgment on the issue of punitive damages which was rendered by the trial court pursuant to defendants' motion for directed verdict on that issue at the conclusion of the plaintiffs' case.
A jury subsequently awarded the appellants a sum of $81,500 in compensatory damages as a result of an automobile accident at the intersection of S.W. 197th Avenue and 296th Street, in Dade County. The single issue raised for our consideration is whether or not the trial judge acted correctly in directing a verdict against the appellants on their claim for punitive damages.
The appellants contend that the evidence, viewed most favorably to them as the non-moving parties, demonstrates that the individual defendant, Gabriel E. Pichardo, was driving his automobile at a speed from 70 to 100 m.p.h., that he admitted he did not see a stop sign and that he did nothing to slow down or to evade the collision with the vehicle driven by the appellants. Appellants conclude that this conduct was in gross disregard of the safety and welfare of the public, and therefore a jury would be justified in awarding punitive damages.
However, we have reviewed the record, particularly the testimony of Mrs. Stella Mitchell and her daughter, Mrs. Carolyn Ann King, who each witnessed the accident, and have concluded that the trial judge properly directed a verdict on punitive damages in this case.
It is within the province of the trial court to determine as a matter of law whether or not there is a basis for instructing the jury as to punitive damages. DeWitt v. Seaboard Coast Line Railroad Company, Fla.App. 1972, 268 So.2d 177; St. Petersburg Sheraton Corporation v. Stuart, Fla.App. 1970, 242 So.2d 185. In this case, the court having viewed the witnesses and listened to their testimony, determined that the evidence presented would not justify punitive damages. This court will not substitute its judgment for the trial court's in the light of the record before us. Cf. Booth v. Wilson & Toomer Fertilizer Company, Fla.App. 1968, 211 So.2d 217.
There is an affinity between the character of negligence supporting an award of punitive damages and a conviction for the crime of manslaughter. Carraway *599 v. Revell, Fla. 1959, 116 So.2d 16. Both are punishments for public wrongs, and punitive damages are intended to serve as a deterrent to future similar offenses. See, Sauer v. Sauer, Fla.App. 1961, 128 So.2d 761. Moreover, each case must be determined on the basis of the malice, moral turpitude, wantonness, or the outrageousness of the tortious conduct allegedly involved. St. Petersburg Sheraton Corporation v. Stuart, supra; Dr. P. Phillips & Sons v. Kilgore, Fla. 1943, 152 Fla. 578, 12 So.2d 465.
Mrs. Mitchell and Mrs. King, upon whose testimony appellants rely to establish the defendant's speed in this case, indicated that the defendant's car was first seen by them approximately one-third of a block or 25 to 40 feet before it entered the intersection.
Mrs. Mitchell stated that she has not driven a car for thirteen years, and Mrs. King testified that she was not a good judge of distance or speed. We do not think the excessiveness of the defendant's speed was established in such a manner that a jury would be entitled to conclude that punitive damages should be awarded. Therefore, we hold that the trial court was correct in granting the defendants' motion for directed verdict on that issue.
For the reasons stated and upon the authorities cited, the final judgment appealed is affirmed.
Affirmed.
BOARDMAN, EDWARD F., Associate Judge (dissenting).
I respectfully dissent from the majority opinion.
After examining the photographs of the intersection involved, the physical evidence of the damage done to both vehicles and carefully reviewing the testimony of the witness, Gabriel E. Pichardo, the driver of the other vehicle involved in this accident, who testified in behalf of the plaintiffs, Woodrow Tuel and Muriel Tuel, as an adverse witness, and the testimony of the witnesses, Mitchell and King, who likewise testified on behalf of the plaintiffs, I believe that there was sufficient, competent evidence to submit to the jury the question of punitive damages.
The trial judge erred in granting the defendants' motion for directed verdict on this question at the conclusion of the plaintiffs' case.