443 So.2d 1050 (1984)
McDONOUGH POWER EQUIPMENT, INC., Appellant/Cross-Appellee.
v.
Charles Andrew BROWN, a Minor, by and through His Parents and Natural Guardians, Charles Alan Brown and Patricia J. Brown, and Charles Alan Brown and Patricia J. Brown, Individually, Appellees/Cross-Appellants.
No. 81-2091.
District Court of Appeal of Florida, Fourth District.
January 4, 1984.
Rehearings Denied February 8, 1984.
*1051 Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant/cross-appellee.
Joe N. Unger of Law Offices of Joe N. Unger, P.A., Miami, and Major & Logan, P.A., Miami, for appellees/cross-appellants.
HERSEY, Judge.
In an action for personal injuries brought by the injured minor plaintiff, Andrew, and his parents (for medical expenses) the jury brought in a verdict that was internally inconsistent, a second verdict suffering from the same impediment and ultimately a verdict which was accepted by the trial court. The following chart summarizes the results and points up the difficulty:

 VERDICTS 1 2 3
 ___________________________________
Andrew's
compensatory 100,000 --- 150,000
damages
Parent's
compensatory --- 100,000 150,000
damages
Punitive
damages 50,000 50,000 80,000

Various motions for mistrials were denied. Post-trial, the trial court granted appellant's renewed motion for a directed verdict as to the claims for punitive damages and his motion for remittitur reducing the parents' compensatory damages to $41,000, the amount of medical expenses evidenced in the record. As our introductory remarks foreshadow, we find no error concerning the trial of the liability issue. We thus confine our review to the propriety of damages, appellant's second point on appeal.
After the jury brought in the first verdict, the trial court resubmitted to the jury only the issue of compensatory damages. This was clearly erroneous. Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla. 1966). However, this error was cured when the jury was reinstructed following the second verdict at which time all the issues were resubmitted to the jury. This leaves only the question of whether the ultimate verdict totalling $380,000 may be sustained. As a result of the striking of the punitive damages by directed verdict and the reduction by remittitur of the parents' claim to $41,000, damages of $191,000 remained. We affirm the elimination of punitive damages. Punitive damages are reserved for those cases involving an outrageous disregard for the rights of another. *1052 The evidence in this case is insufficient to constitute gross disregard for others. City of Hollywood v. Coley, 258 So.2d 828 (Fla. 4th DCA 1971). However in our view the acceptance of a $380,000 verdict which was immediately subject to reduction to $191,000, constitutes an abuse of discretion. Clearly the jury was extremely confused throughout, so that the product of their deliberations was meaningless. Under the circumstances we are compelled to reverse and remand for a new trial on the issue of compensatory damages only.
REVERSED and REMANDED.
DOWNEY and BERANEK, JJ., concur.