LETTS, Judge.
Appellant challenges the trial court’s refusal to direct a verdict on the issue of compensatory and punitive damages in a private nuisance case. We affirm the jury verdict finding a private nuisance, but reverse the award of punitive damages.
Punitive damages are given when the wrongful act complained of is characterized by, or partakes of, some circumstance of aggravation, such as willfulness, wantonness, maliciousness, gross negligence or recklessness, oppression, outrageous conduct, deliberate violence, moral turpitude, insult, or fraud. In the absence of some such aggravating circumstances, recovery is limited to the actual damages proved. Brock v. Maine, 293 So.2d 375 (Fla. 4th DCA 1974), cert. denied, 297 So.2d 837 (Fla.1974); Martin v. Young, 443 So.2d 293 (Fla. 3d DCA 1983); McDonough Power Equipment, Inc. v. Brown, 443 So.2d 1050 (Fla. 4th DCA 1984).
Although the record contains competent and substantial evidence that the *939 retaining wall m question constituted a nuisance, the appellee failed to present sufficient evidence that the appellant’s construction of it amounted to the kind of conduct supporting an award of punitive damages. The wall was built in accordance with the South Florida Building Code and was necessitated by the residential construction. Larkin v. Tsavaris, 85 So.2d 731 (Fla.1956) and Barnett First National Bank of Jacksonville v. Buie, 255 So.2d 707 (Fla. 1st DCA 1971). Accordingly, the trial court erred in failing to direct a verdict on the issue of punitive damages.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
HERSEY and WALDEN, JJ., concur.