JOSEPH SZUCH, Appellant, v. NI SUN LINES, INC., a Corporation, DETROIT-CHICAGO MOTOR BUS COMPANY, a Corporation and W. H. MCMILLAN.—58 S. W. (2d) 471.

Division One, March 16, 1933.

*A. B. Frey, B. Sherman Landau* and *Tobias Lewin* for appellant.

*Wilbur C. Schwartz* and *J. Edward Gragg* for respondent.

ATWOOD, J.—This is an appeal from a judgment for defend-

ants in an action for damages laid at $15,000 on account of personal injuries alleged to have been sustained by plaintiff, appellant herein, in an automobile collision which occurred near the intersection of Seventh and Cerre streets in the city of St. Louis, Missouri. Plaintiff's petition contained several specifications of negligence but at the close of the trial all were abandoned except the one charging dangerous and excessive rate of speed.

Defendants went to trial on their joint amended answer which consisted of a general denial and a plea of contributory negligence, the latter charging plaintiff with driving his car into the path of the motorbus, failing to warn of his intention to drive away from the curb at which his automobile was parked and make a U turn, failing to heed warning given him of the approach of defendants' motorbus, failing to have any lights lighted on his automobile, failing to pay attention where he was driving, and that he saw or by the exercise of the highest degree of care could have seen said motorbus in time to have avoided the collision. Plaintiff's reply was a general denial.

It appears from the evidence that Seventh Street extended north and south and Cerre Street east and west, the said streets being fifty feet and thirty feet, respectively, in width. Seventh Street was paved and had two sets of street car tracks near the center, the east track being for northbound cars and the west track for southbound cars. It appears that about 6:15 P. M., on October 4, 1928, plaintiff entered his Ford sedan car, which was parked on the east side of Seventh Street just a few feet north of Cerre Street, and started driving toward the west side of Seventh Street. When his car had completely crossed the center of Seventh Street so that the rear wheels were on the west rail of the southbound street car track, the left rear of plaintiff's car was struck and overturned by defendants' motorbus, which was coming from the south, by reason of which plaintiff received the injuries complained of.

Plaintiff submitted only one instruction on the case and one on the measure of damages. Seven instructions were given at the request of defendants and appellant insists that the court erred in giving six of them.

The first instruction complained of is No. 3, as follows:

"The court instructs the jury that if you find and believe from the evidence that the plaintiff drove and operated his said automobile away from the east curb of Seventh Street, at the place mentioned in the evidence, and was making the 'U' turn south on said Seventh Street, and that he failed to look to the south before attempting to make said turn, and that he was negligent in so doing, if you so find, and this negligence directly contributed to cause the accident in question and injury to plaintiff, if any, then your verdict must be for the defendant."

■ Counsel for appellant say that this instruction is broader than defendants' plea of contributory negligence and broader than the evidence. Conceding without holding that such is true, appellant is not in position to claim reversible error on that account. Instruction No. 1, given at the request of plaintiff, submitted the question of whether at the time and place in question plaintiff's automobile was being driven and operated without any negligence whatever on the part of plaintiff, without confining it to the contributory negligence pleaded. This does not, as appellant suggests, present a question of error in plaintiff's given Instruction No. 1. Plaintiff might thus assume an undue burden without rendering the instruction erroneous, but in such case the giving of another instruction which imposes a like burden in the same or a lesser degree does not predicate reversible error. The basis sometimes assigned for this doctrine is estoppel (Crutchfield v. Ry. Co., 64 Mo. 255, 257) or self-invited error (Christian v. Ins. Co., 143 Mo. 460, 468, 45 S. W. 268; White v. Railroad, 250 Mo. 476, 486, 157 S. W. 593), but the better reason seems to be that the error in the instruction complained of is thus made non-prejudicial. [Aronovitz v. Arky (Mo.), 219 S. W. 620, 622; Coleman v. Rightmyer (Mo.), 285 S. W. 403, 405.] Plaintiff's own testimony made it a question for the jury whether "he failed to look to the south before attempting to make said turn," and it was not reversible error to give this instruction.

■ It is also urged that Instruction No. 3 improperly assumed that plaintiff was making a "U" turn south on Seventh Street. When plaintiff got in his automobile it was on the east side of Seventh Street facing north a short distance north of Cerre Street. He testified: "I pulled my car out and pulled in on the west side. . . . I was almost turned, when something hit me, and I was thrown on the west curb. At the time of the collision the rear end of my Ford was on the west rail of the southbound car track, and the front end was facing in a southwesterly direction when my car was struck in the back end." Witness Agner testified that the wheels of plaintiff's car were turned south at the time of the impact. Witness Fritschle testified that when he "first noticed the Ford it was headed north, making the turn to go south." The driver of the motorbus testified that plaintiff was headed southwest when the motorbus struck his car. It thus clearly appears that plaintiff was making a "U" turn in Seventh Street at the time of the collision and the instruction did not in this respect assume a fact not warranted by the evidence.

■ ■ Appellant next assigns reversible error in the giving of Instruction No. 6, which is as follows:

"The court instructs the jury that the burden of proof is on the plaintiff to establish by the preponderance or greater weight of the

evidence, the facts necessary to a verdict in his favor under these instructions.

"The court uses the terms 'burden of proof' and 'preponderance of the evidence' by the way of briefly expressing the rule of law. which is, that unless the evidence (as to such issue) appears in your judgment to preponderate, in respect to its credibility, in favor of the party to this action on whom the burden of proof (as to such issue) rests, then you should find against such party on said issue."

Contributory negligence is an affirmative defense, and the burden of proving it rests on the defendant. [Clark v. Bridge Co., 324 Mo. 544, 565, 24 S. W. (2d) 143, 153.] While Instruction No. 1, given at plaintiff's request, required the jury to find from the evidence as a condition of plaintiff's recovery that his automobile was being driven and operated without any negligence on his part, it did not place the burden of proving plaintiff's freedom from negligence upon him. Absent proof of such negligence the jury would find that plaintiff was not negligent. But Instruction No. 6 told the jury that the burden of proof was "on the plaintiff to establish by the preponderance or greater weight of the evidence, the facts necessary to a verdict in his favor under these instructions." In the light of Instruction No. 1, which was one of "these instructions," the jury might well conclude that this meant that the burden was on plaintiff to prove that his automobile was driven and operated without any negligence on his part, and the concluding paragraph of Instruction No. 6 did not clarify the matter. We think the giving o° this instruction under such circumstances was prejudicial error.

■ Appellant also complains of Instruction No. 2, which is as follows:

"The court instructs the jury that if you find and believe from the evidence that the plaintiff drove and operated his said automobile away from the east curb of Seventh Street at the place mentioned in the evidence, and was attempting to make a 'U' turn south on said Seventh Street, and that plaintiff saw, or by the exercise of the highest degree of care could have seen, defendant's said motorbus then and there on said Seventh Street, moving in a northwardly direction, in time for plaintiff thereafter to have stopped his said automobile, swerved the same, and thus and thereby have avoided the collision as mentioned in the evidence, and that he failed so to do, and that he was negligent in failing so to do, and that this negligence directly contributed to cause what, if any, injury and damage plaintiff sustained, then your verdict must be for the defendant."

It is contended in appellant's behalf that this instruction assumes that a stopping or swerving of plaintiff's automobile would necessarily have avoided the injury. On the contrary, it clearly submits the question whether plaintiff saw, or by the exercise of the highest

degree of care could have seen the approaching motorbus in time to have avoided the collision by stopping or swerving his automobile. Witness Fritschle, offered by plaintiff, testified that he "noticed the plaintiff's car as he started to pull away from the curb, at which time the bus was about 125 to 150 feet south of Cerre Street and traveling about thirty or thirty-five miles per hour," and there was other testimony as well that warranted this part of the instruction. Plaintiff might have stopped or swerved back to the east curb, and it was for the jury to say whether he saw or by the exercise of the highest degree of care could have seen the approaching motorbus in time to have avoided the collision by doing either. While a comma instead of the coordinating particle "or" appears between the words "automobile" and "swerved," it obviously serves the same purpose and the meaning is plain.

It is also said that the instruction is erroneous because it permits the jury to find that plaintiff was making a "U turn" south on Seventh Street without defining the term, and without any evidence that such was being done. We have already ruled that there was ample evidence of such a movement. The term is so generally used and understood that failure to define it in the instructions submitted should not be deemed to have misled the jury.

It is also contended that the instruction leaves out of consideration defendants' antecedent negligence in running the motorbus at an excessive and dangerous rate of speed. The objection is not well taken because the jury would necessarily consider the speed of the approaching motorbus in determining whether or not plaintiff saw or by the exercise of the highest degree of care could have seen the approaching motorbus in time to have avoided the collision by stopping or swerving his automobile. The instruction is unlike those condemned in Mason v. United Railways of St. Louis (Mo. Sup.), 246 S. W. 318, 325, and Abramowitz v. United Railways Co. (Mo. Sup.), 214 S. W. 119, 120, where in speed ordinance cases defendants sought to gauge their own negligence by their ability to stop after discovered peril.

Appellant next condemns Instruction No. 4, which is as follows:

"The court instructs the jury that if you find and believe from the evidence that the plaintiff failed to give a warning of his intention to drive his said automobile away from the east curb at the time and place mentioned in the evidence, and of his intention to make a 'U' turn south on Seventh Street, and that he was negligent in failing so to do, if you so find this was negligence, and this negligence directly contributed to cause what, if any, injury plaintiff sustained, then the plaintiff is not entitled to recover and your verdict must be for the defendant."

Counsel for appellant criticise use of the word "intention" in the foregoing instruction. While plaintiff is not to be convicted of contributory negligence because of mere intention, yet it would be contributory negligence for him to fail to give timely warning that he was about to do something which when done would directly contribute to his injury because of his failure to warn. The same term is thus used adverbially in subdivision (j) of Section 7777, Revised Statutes 1929: "An operator or driver intending to turn his vehicle to the left shall extend his arm at an angle below horizontal so that the same may be seen in the rear of his vehicle." This criticism of the instruction appears to be without merit.

■ It is also said that the instruction erroneously assumes that plaintiff intended to make a "U" turn south on Seventh Street, and that the term negligence should have been defined. As already suggested, there was sufficient evidence of plaintiff's intention to make a "U" turn. Where the degree of care required in the performance of the acts complained of is set forth in other instructions, as was done in this case, the question of whether such acts were negligently done may be put without defining the term negligence in the particular instruction. [Magrane v. Railway, 183 Mo. 119, 132, 81 S. W. 1158.]

■ Instruction No. 5 advised the jury "that the same degree of care is required of plaintiff in driving and operating his automobile, as is required of the defendant in the operation of its motorbus mentioned in the evidence." While this does not, as appellant contends, inject the doctrine of comparative negligence referred to in Davies v. People's Railway Co., 159 Mo. 1, 9, 59 S. W. 982, yet it does attempt to measure the degree of care required of plaintiff in driving and operating his automobile, not by the statutory standard of the highest degree of care which is required of drivers of all motor vehicles (Sec. 7775, R. S. 1929), but by the degree of care inferentially required of defendant in Instruction No. 1 with reference to the rate of speed at which defendants' motorbus was being operated, which under the circumstances in evidence was an inadequate and unfair standard. Instruction No. 5 was evidently given on the theory that elsewhere in the instructions the highest degree of care was required of defendants in driving and operating the motorbus, but such was not the case. The instruction as given was so confusing as to be prejudicial.

Finally, counsel for appellant insist that the giving of Instruction No. 9 was reversible error. However, it does not appear that plaintiff included this in the numbered instructions to the giving of which error was assigned in his motion for a new trial. Hence, objections thereto cannot be considered on this appeal.

On account of the errors above noted the judgment is reversed and the cause remanded for a new trial. All concur.