RUTH CARSON, Appellant, v. W. F. EVANS and MRS. W. F. EVANS.—
No. 38492.—173 S. W. (2d) 30.

Division One, July 6, 1943.

*Leo A. Politte, Paul H. Koenig* and *Walter W. Schiek* for appellant.

*T. P. Hukriede* and *Wm. Waye, Jr.*, for respondents.

378

DOUGLAS, P. J.—This is an action for damages for personal injuries. Plaintiff, a passenger in her husband's automobile, was injured when it collided with defendants' automobile at the western junction of Highways 50 and 66 in Franklin County. She sued for $12,500. She appeals from a judgment for. defendants.

The only question plaintiff presents for our review is whether defendants' instructions are proper.

Plaintiff submitted her case both on the humanitarian doctrine and primary negligence. As their defense under the humanitarian doctrine, defendants submitted two sole cause instructions as follows:

"VII.

"The Court instructs the jury that if you find and believe from the evidence that at the time and place mentioned in the evidence the defendant and his agent were free from negligence; that the driver of the automobile in which the plaintiff was riding failed to keep the same under such control as to enable him to readily stop or swerve said automobile upon the appearance of danger so as to avoid the collision as mentioned in the evidence, and if you further find that such failure on the part of such driver, if you find he did fail, was the sole and proximate cause of the collision, then you should find the issues for the defendant."

"VIII.

"The Court instructs the jury that if you find and believe from the evidence that at the time and place mentioned in the evidence the defendant and his agent were free from any negligence; and if you further find that the driver of the car in which plaintiff was a passenger was operating the same without lights directed to the front then the driver of the car in which plaintiff was riding was negligent and if you further find that such negligence, if any, was the sole cause of the collision as mentioned then you should find the issue for the defendant."

Plaintiff objects to these instructions on the ground they fail to hypothesize the facts showing the specific acts of negligence from

which the jury would be authorized to find the collision was due to the sole negligence of the driver of the automobile in which plaintiff was riding.

Both instructions are erroneous. An instruction similar to VII was expressly condemned in Annin v. Jackson, 340 Mo. 331, 100 S. W. (2d) 872 because it failed to submit the specific acts of negligence shown by the evidence. Discussing a sole cause instruction which failed to hypothesize the facts in Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S. W. (2d) 54, we said: "Since under our jury system, the jury does not have the function of deciding questions of law, the primary purpose of instructions must be to inform the jury, as triers of the facts, what fact issues are to be favorably decided to reach each possible verdict. Mere statements of abstract legal propositions therefore do not make proper jury instructions. Instead each instruction authorizing the finding of a verdict (for plaintiff or for defendant on an affirmative defense) must require the finding of all essential fact issues necessary to establish the legal proposition upon which the right to it is based. Trusty, Constructing and Reviewing Instructions, sec. 2."

The principles expressed in the cases cited apply also to instruction VIII. More particularly apposite, however, is Shields v. Keller, 348 Mo. 326, 153 S. W. (2d) 60, where an instruction which embodied only part of the facts was held insufficient to authorize the submission of sole cause. Instruction VIII is erroneous for the same reason.

The submission of erroneous instructions ordinarily requires a reversal of the judgment and a retrial. But the question arises in this case whether plaintiff is in a position to complain. Her own instruction submitting the humanitarian doctrine also fails to hypothesize the facts but merely refers to the evidence. It [32] says: "The Court instructs the jury that if you find . . . the automobile of the defendants was being driven under the facts and circumstances mentioned and described in the evidence for and in behalf of the defendants at the time and place described in evidence," etc.

It is the settled rule that an instruction purporting to cover the whole case and authorize a verdict should require the finding of all the facts necessary to sustain the verdict. Negligence being usually a question for the jury, an instruction should set out the facts, supported by the evidence, relied on to show the acts of negligence so the jury may determine whether or not the commission of such acts was negligence. Swain v. Anders, 349 Mo. 963, 163 S. W. (2d) 1045; Raymond, Missouri Instructions, sec. 5. Accordingly, plaintiff's instruction is erroneous for the reason it fails to hypothesize the facts.

Plaintiff submitted another instruction likewise defective. It starts out with an abstract statement of law in no manner tied to or

connected with the balance of the instruction, as follows: "The Court instructs the jury that no person driving or operating an automobile on any public highway has a legal right to drive the same in such a manner as to endanger the life and limb of any person." So it appears the instructions of both parties suffer from the same defect; both are stated in too general terms.

The rule is widely recognized that an appellant will not be heard to complain of an error or omission in respondent's instruction which is common to his own instruction or when his own exhibits the same fault. Bennette v. Hader, 337 Mo. 977, 87 S. W. (2d) 413; Meyers v. Drake, 324 Mo. 612, 24 S. W. (2d) 116 and cases cited therein; 5 C. J. S., Appeal & Error, sec. 1507c; 3 Am. Jur., Appeal & Error, sec. 871 et seq.

A case decided by the St. Louis Court of Appeals held, without discussion, where instructions for both parties submitted negligence in general rather than specific terms, appellant would not be heard to complain. Glader v. City of Richmond Heights (Mo. App.), 121 S. W. (2d) 254. In Primmer v. American Car & Foundry Co. (Mo. App.), 20 S. W. (2d) 587 that court said: "Thus plaintiff asked and received what amounted to a general instruction upon the issue of negligence for the failure to guard, and defendant countered with two instructions of its own choosing which were even more abstract and general in their scope than was the one for plaintiff. We cannot escape the conclusion, therefore, that, when defendant joined in the general issue respecting the practicability of guarding the shears by asking and receiving instructions of the same import as and in harmony with the instruction given for plaintiff, it condoned and cured the error which the latter had committed, and must now be held precluded to rely upon the same as a ground of prejudice on this appeal." Ingle v. Sovereign Camp, W. O. W., 204 Mo. App. 597, 216 S. W. 787 held that appellant could not complain of an instruction given for respondent which was too general in its terms where his instruction was also too general.

Where the instructions of both parties have submitted certain issues in general rather than specific terms, complaint on this score by one of the parties will not be permitted. Murphy v. Duerbeck et al. (Mo.), 19 S. W. (2d) 1040; Timmerman v. St. Louis Architectural Iron Co., 318 Mo. 421, 1 S. W. (2d) 791. And where a party fails entirely to submit an issue to the jury he may not object because the other party does not submit such issue. Yuronis v. Wells, 322 Mo. 1039, 17 S. W. (2d) 518. If plaintiff submits no instructions at all defendant will not be heard to claim error where he, too, has submitted no instructions. Barber v. American Car & Foundry Co. (Mo. App.), 14 S. W. (2d) 478. And on the other hand where defendant has caused seventeen instructions to be submitted in his behalf and plaintiff ten, defendant cannot find fault about the multi-

tude of instructions. Petersen v. Transit Co., 199 Mo. 331, 97 S. W. 860.

From the authorities we have cited it follows plaintiff will not be heard to complain that defendants' instructions are stated in too general terms inasmuch as her own instructions are subject to the same charge. This ruling seems particularly applicable where, as here, the facts are simple, easily understood and within the common knowledge of the members of the jury. Where a plaintiff asks that the jury be given a roving commission, [33] he is estopped to complain of the defense being submitted in the same manner.

Plaintiff was the first to broaden the range of the submission by referring generally to all the facts in evidence without hypothesizing any of such facts which would show a case under the humanitarian doctrine. She may not now, after losing the case on an almost unlimited range of her own making, find fault because defendant adopted a similar range. Otherwise we would be forced to rule that whoever might recover a judgment must lose it where instructions on both sides are so general as to amount to mutual nondirection. We do not believe the latter would be as compatible with justice as the ruling we have announced. See Lindquist v. Kansas City Public Service Co. et al., 350 Mo. 905, 169 S. W. (2d) 366.

Plaintiff also objects to defendants' burden of proof instruction which commences: "The Court instructs the jury that the charge laid by the plaintiff against the defendant in this case is one of negligence. You are further instructed that said charge must be proved and the burden of proving that issue is upon the plaintiff; . . ." Plaintiff's objection seems to be directed to the statement that the burden of proof is upon plaintiff and cites Chaar et al. v. McLoon, 304 Mo. 238, 263 S. W. 174 and Barr v. Missouri Pac. Ry. Co. (Mo.), 37 S. W. (2d) 927. These cases considered burden of proof instructions which denied to plaintiff the favorable evidence that came from defendants' witnesses. The instructions limited the ascertainment of the weight of the evidence to "plaintiff's evidence" or to "the evidence offered on behalf of plaintiff" instead of submitting the correct test which is the weight of the evidence under all the testimony. This objection is not applicable to the instruction before us. The burden of proof is upon the plaintiff and it is proper to so advise the jury. A similar instruction was approved in Flint v. Loew's St. Louis Realty & Amusement Corp., 344 Mo. 310, 126 S. W. (2d) 193. However, our caution against long, involved burden of proof instructions continues with increasing force and we repeat a short simple instruction is sufficient on the subject of the burden of proof. See Nelson v. Evans, 338 Mo. 991, 93 S. W. (2d) 691.

The judgment is affirmed. All concur.