239 S.W.2d 559 (1951)
VOYLES
v.
COLUMBIA TERMINALS CO.
No. 28090.
St. Louis Court of Appeals. Missouri.
May 15, 1951.
*560 Thos. M. Gioia, LeRoy Crouthers, St. Louis, for appellant.
Louis E. Miller, Miller & Landau, and B. Sherman Landau, all of St. Louis, for respondent.
WOLFE, Commissioner.
This is an action for damages arising out of personal injuries which the plaintiff claims to have sustained. He asserts that he was struck in the face by a loosely-fastened canvas covering of a truck as it passed him on Fourth Street, in St. Louis, and that the truck was owned and operated by the defendant. There was a verdict and judgment for the defendant but the trial court sustained plaintiff's motion for a new trial and the defendant prosecutes this appeal.
On a previous appeal, Voyles v. Columbia Terminals Co., Mo.App., 223 S.W.2d 870, this court passed upon the case and remanded it for a new trial. The evidence was fully set out in that opinion so we limit our statement here to the facts touching upon the points now raised.
Voyles testified that he was walking eastwardly along Washington Avenue and as he approached Fourth Street traffic was moving in the same direction that he was going. Upon reaching Fourth Street the flow of traffic changed to north and south and he stepped off the curb a distance of a foot or two to wait for the traffic to again change, so that he might cross the street and continue eastwardly. As he stood there two trucks of the trailer type passed, one closely following the other. The second truck had a loose canvas tarpaulin covering which flapped out from the side and struck him in the face causing the injuries complained of. He saw that they were trucks belonging to the Columbia Terminals Company.
A witness named Sedlacek, who was superintendent for the defendant company, testified that there were five of their trucks in the vicinity of the alleged accident at the time plaintiff said that it occurred, but that none of them came from the north of Washington Avenue but came westwardly *561 along Washington and turned south at Fourth Street, if they were following the routes they were supposed to take. Sedlacek's testimony will be more fully discussed in connection with one of the points raised by this appeal.
The court granted the plaintiff a new trial on the grounds that two instructions were erroneously given and that it had erred in permitting Sedlacek to testify from the work sheets turned in by the truck drivers. The appellant asserts that the instructions were properly given, that the evidence was admissible, and it seeks to have us remand the case with directions to reinstate the verdict and judgment.
The first instruction of the trial court considered erroneous was denominated defendant's instruction No. 3, and is as follows: "The Court instructs the jury that the burden of proof rests upon the plaintiff and that the plaintiff must prove by a preponderance of the evidence that defendant was negligent and that said negligence caused the plaintiff's injuries, if any."
Instruction No. 6, given by the court, properly informed the jury that the plaintiff was not required to disprove the charge of contributory negligence but that the burden of proving that defense was on the defendant.
Plaintiff contends that instruction No. 3 required him to carry a greater burden of proof than that imposed upon him by law and that the instruction might be construed to mean that the plaintiff had the burden of proving that he was not guilty of contributory negligence. A number of cases condemn, on the ground stated, instructions which require the plaintiff to establish by the greater weight of the evidence the facts necessary for a verdict in his favor. These cases all hold that such an instruction erroneously places upon the plaintiff the burden of disproving an affirmative defense. Szuch v. Ni Sun Lines, 332 Mo. 469, 58 S. W.2d 471; Brewer v. Silverstein, Mo.Sup., 64 S.W.2d 289; Bennett v. National Union Fire Ins. Co., 230 Mo.App. 939, 80 S.W.2d 914; Tappmeyer v. Ryckoff, Mo.App., 45 S.W.2d 890.
We do not, however, so read the instruction given here. It states first that the burden of proof is upon the plaintiff "and that the plaintiff must prove by a preponderance of the evidence that defendant was negligent and that said negligence caused the plaintiff's injuries." The plaintiff would have us construe the sentence as two distinct clauses separated by the word "and", with each clause independent of the other, conveying its own meaning. Where a conjunction is properly used to add an additional fact or express something more than that expressed in the main clause plaintiff's idea of construction would be correct but here the second clause lessens the force of the first clause. It therefore appears that the words following the conjunction were intended to be restrictive and explanatory of those preceding it, and that they would be so construed by the jury. It is true that it should be more clearly phrased, but when read with instruction No. 6, with which it does not conflict, it cannot be said to be erroneous.
The second instruction which the trial court held that it had erroneously given is as follows: "The Court instructs the jury that if you find and believe from the evidence that plaintiff stepped off the curb of the southwest corner of Fourth Street and Washington Boulevard at the time in question, and if you further find that he remained standing in the street, and if you further find that in so standing there plaintiff did not exercise ordinary care for his own safety, and if you further find that said failure to so exercise ordinary care contributed to and did directly cause plaintiff's injuries, if any, then your verdict must be for defendant and against plaintiff."
We stated in the recent case of Crites v. Bollinger, Mo.App., 238 S.W.2d 26, 30: "Negligence being usually a question for the jury, an instruction submitting such issue should hypothesize relevant facts in evidence relied on and which would justify a finding of negligent conduct."
It will be seen that the instruction under consideration fails to hypothesize any facts from which the negligence of the *562 plaintiff might be concluded. The cause of the injury was the flapping canvas and if the plaintiff, in the exercise of reasonable care for his own safety, could have anticipated that he might be struck by it if he stood in the street in close proximity to the truck, and if he would not have been struck by it if he had remained on the curb, then he was guilty of contributory negligence; but such facts are not set out. Under the instruction given the jury could have found the plaintiff negligent simply because he stood in the street. They were not required to find any act or omission on the plaintiff's part that contributed to bring about the accident and consequently the instruction failed to hypothesize sufficient facts to adequately confine the jury to a consideration of the essentials necessary to conclude that the plaintiff was negligent. The court therefore properly held that the instruction was erroneously given. Carson v. Evans, 351 Mo. 376, 173 S.W.2d 30; Yates v. Manchester, 358 Mo. 894, 217 S.W.2d 541; Green v. Guynes, Mo.Sup., 235 S.W.2d 298; Dahlen v. Wright, Mo.Sup., 235 S.W.2d 366.
The remaining ground, upon which the plaintiff's motion for a new trial was sustained, is that the court erred in admitting the testimony of Mathias Sedlacek, the superintendent employed by the defendant. He testified that the truck drivers turned in each evening work sheets which consisted of a statement of the points to which the trucks had been driven during the day, and that these work sheets showed that there had been five trucks in the vicinity of Fourth Street and Washington Avenue at about the time fixed by plaintiff's testimony. Four of these trucks were returning from East St. Louis and one was coming from a warehouse to the defendant's garage. Sedlacek said the prescribed route for trucks traveling from the points mentioned would bring them west on Washington Avenue to Fourth Street where they would make a left turn to the south, but he stated that he had no way of knowing whether or not the trucks followed the prescribed route. The point raised as to the admissibility of this evidence is that Sedlacek was allowed to draw his own conclusions from reports which were self-serving and hearsay. This objection does not appear warranted by the record, for the witness simply stated what the reports showed and then testified about the routes the drivers were directed to take. These work sheets were kept in the ordinary course of business, and where such records are made in the usual and ordinary course of business they are admissible. Missouri Revised Statutes, 1949. Section 490.680 provides: "A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." None of these records purported to be reports about the accident, and if they had been they should have been excluded, for such reports are not considered as records made in the usual course of business. They constitute nothing more than a narration of past events strengthened in no way by the fact that they are in writing. Consequently, such evidence would be hearsay and self-serving. Tennison v. St. Louis-San Francisco Ry. Co., Mo.Sup., 228 S.W.2d 718; St. Charles Savings Bank v. Denker, 275 Mo. 607, 205 S.W. 208; Ryan v. Browne, Mo.Sup., 17 S.W.2d 271; Rogers v. Kansas City Rys. Co., Mo.App., 204 S.W. 595. Since the evidence presented simply shows the destination and starting point of the trucks as revealed by the company's records, it does not appear to have been erroneously admitted.
As previously stated the court properly held that it had erroneously given instruction No. 5, relating to contributory negligence, and therefore it did not err in granting plaintiff's motion for a new trial, and it is the recommendation of the Commissioner that the order granting a new trial be affirmed and the cause remanded.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
*563 The order of the circuit court granting plaintiff a new trial is accordingly affirmed and the cause remanded.
ANDERSON, P. J., and McCULLEN and W. E. BENNICK, JJ., concur.