John PALMER, Appellant,

v.

Lee LASSWELL, Respondent.

No. 45060.

Supreme Court of Missouri.

Division No. 1.

March 12, 1956.

Green & Green, Will H. D. Green, H. D. Green, Jr., West Plains, for appellant.

Esco V. Kell, West Plains, for respondent.

DALTON, Presiding Judge.

Action for damages sustained when plaintiff's automobile and defendant's truck collided on U. S. Highway No. 63 in the city of West Plains, Missouri. Plaintiff, in the first count of his petition, asked damages for his own injuries and for injuries to and consequent medical expense and loss of services of his wife in the sum of $7,-500 and, in the second count, for property damages in the sum of $1,100, or a total of $8,600. Defendant filed an answer and counterclaim, the counterclaim arising out of the same collision. Defendant asked $2,500 for personal injuries and $1,000 for property damage. On trial, the jury returned a verdict, as follows: "We, the

jury, find the issues for the defendant, Lee Lasswell, on both counts of plaintiff's petition, and against the plaintiff, John Palmer, and we further find for the defendant, Lee Lasswell, on his counterclaim, and assess no damages." The judgment followed the verdict. Defendant did not appeal. Plaintiff appealed to the Springfield Court of Appeals, but that court found it had no jurisdiction to determine the appeal and transferred the cause to this court. Palmer v. Lasswell, Mo.App., 279 S.W.2d 535.

The only errors assigned on this appeal concern the giving of defendant's instruction "A" with reference to contributory negligence as a defense to plaintiff's action and defendant's instruction "B" dealing with plaintiff's burden of proof to make out his case. These assignments only concern the plaintiff's claims. We have jurisdiction of the appeal, since the amount involved is the total amount of plaintiff's claims, or $8,600. Sec. 3, Art. V, Const. of Mo.1945, V.A.M.S.

Plaintiff's evidence tended to show that U. S. Highway No. 63 is a paved highway, which extends in a general north-south direction through the city of West Plains; and that the pavement is concrete, 22 feet wide with a mark down the center. The highway is a busy thoroughfare with lots of traffic. It intersects Broadway street at right angles and also First, Second, and Third streets in the order mentioned as one goes north on the highway. The collision in question occurred at the Third street intersection.

On April 20, 1951, about 6:15 p. m., while it was daylight, plaintiff, accompanied by his wife, was operating his 1948 Plymouth automobile northwardly on the east side of the highway, having entered from the east side at the Broadway intersection. Before entering he had waited for three northbound automobiles to pass the intersection and he followed them north at a speed of 15 to 20 miles per hour. When plaintiff was within about 150 feet of the Third street intersection, he saw a Ford automobile stopped in the southbound lane of the highway at Third street, waiting for northbound traffic to clear. Apparently, the driver was intending to make a left turn and go east on Third street. The Ford automobile was operated by a Mrs. R. G. Collins and there was testimony that, when she had stopped, she saw no traffic approaching from her rear, but that four northbound automobiles were approaching from the south and had not cleared the intersection. When she stopped, she turned on the rear blinker lights as a signal of her intention to make a left turn. When plaintiff's automobile entered the Third street intersection it collided with defendant's truck, which was traveling south on the highway and to the rear of the Collins' automobile. According to plaintiff's evidence, the truck first struck the left rear of the Collins' automobile and that automobile came to rest 80 feet southwest of the point of collision. The truck also struck the left side of plaintiff's automobile about center, just back of the front seat, and "it spun around like a top" and came to rest facing southwest, but some 68 feet northeast of the point of collision. The truck came to rest in the intersection on the west side of the highway and in its southbound traffic lane. Skid marks on the pavement extended back from the rear wheels of the truck for some 49 feet. There were no lateral, or east to west skid marks, back of the truck.

At the time the truck struck the Collins' automobile plaintiff's automobile was 3 or 4 feet south of the Collins' automobile and moving north on the east side of the highway. Defendant "whipped his truck over to his left," while plaintiff "speeded up a little trying to get out of his way," but the truck struck plaintiff's automobile on its left side, while it was on the east side of the highway. The right front wheel of plaintiff's automobile was off the pavement when the collision occurred. Marks, dirt and debris on the highway indicated that the collision occurred in the northbound traffic lane. The left front fender of plaintiff's automobile was mashed in back of the headlight on the left side and the entire left side had collided with the truck, resulting in severe damage.

Prior to the collision, but after the operator of one of the northbound automobiles traveling ahead of plaintiff had passed the Collins' automobile and had proceeded some 150 feet further north, he saw defendant's truck traveling south in the west lane of the highway and approaching the Collins' automobile from the rear at 50 to 60 miles per hour. The Third street intersection was clearly visible for more than 200 feet as one approached it from the north.

There was evidence that, after the collision, defendant told Sgt. Brill of the Highway Patrol that his truck first collided with the rear end of the Collins' automobile and then bounced over and collided with plaintiff's automobile; and there was evidence that defendant, after the collision, told Mrs. Collins that, when he saw the Collins' automobile stopped in his path, he attempted to turn left and go between the two automobiles, that is, between Mrs. Collins and plaintiff. Both plaintiff and his wife received personal injuries in the collision and plaintiff's automobile was damaged, as stated.

Defendant testified: "Well, as I was proceeding south on the highway, a 1950 Ford driven by Mrs. Collins turned in front of me and started south and picked up a little bit of speed and stopped instantly. When she stopped I applied brakes suddenly and then I slipped my wheels, the brakes were in perfect shape, as the wheels slipped and almost stopped, when I hit the back of her car, hit the trunk, * * * she turned right and went down this embankment and the patrol measurement was 80 feet * * *. Palmer was progressing north up the highway in the east lane * * * He was looking directly at Mrs. Collins' car and went over on my lane of traffic and hit me on the left front wheel. He was driving at a pretty good rate of speed and his car deflected to the east and back there to the west and threw his car against my front wheel and raked his whole side of the body and the left front wheel of his car and finally finished up by pulling my left front wheel and spinnel bolt and he went one-half around up 70 feet

north and landed in the ditch at 3rd street intersection and highway No. 63. * * * Yes, sir, his front end hit mine first here. * * * I was stopped." The truck stopped in its southbound lane 18 inches to 2 feet west of the center line of the highway. Defendant had been driving at 25 to 35 miles per hour and slowed "pretty close" to 10 to 15 miles or held his own at 15 to 20 miles per hour in traffic behind the Collins' car. The driver of "the Collins' car gave no signal at all, she did not hold out her hand" and there weren't any blinker lights on the Collins' car. Defendant was within about 50 feet of the Collins' car when it stopped "pretty sudden." He didn't tell Sgt. Brill that his truck bounced. He made no statement to Mrs. Collins. The truck was three times as heavy as plaintiff's Plymouth. Defendant testified further "that a drive-in had just been made and the cars turning to the right had carried quite a little bit of clay on the road and there wasn't as good braking surface, as there should be, and the truck being empty you didn't have much traction and every wheel scooted 48 feet." The collision "broke the bolt going through the spring and bent it back and pulled the radiator sideways and pulled the hose off." It cost $50 or $75 to get the truck repaired.

Defendant relies on parts of plaintiff's evidence to support one of his instructions. Plaintiff testified that he was watching the Collins' automobile and had seen it for 150 feet; and that he had started to pass it when he saw the truck. He did not see the defendant's truck, which was the next car immediately behind the Collins' car, until the truck was within 3 feet of plaintiff's automobile. When he did see the truck, he did not pull around it, he didn't have time. He did not try to turn down Third street to avoid a collision. He did not sound his horn or do anything to give defendant any warning. He did not stop or slacken speed. His wife saw the truck 150 feet away.

■ As stated, appellant complains of the giving of instructions "A" and "B" at defendant's request. It is first contended

that instruction "A" is erroneous because plaintiff's contributory negligence was not pleaded as a defense nor shown by plaintiff's evidence. Brady v. St. Louis Public Service Co., 361 Mo. 148, 233 S.W.2d 841. We find no merit in this objection. Defendant's answer and counterclaim contained this averment: "Defendant for further answer and defense to the petition of plaintiff herein states that if plaintiff was injured, or if his said wife was injured, or if his automobile was damaged, such personal injuries and damage to said automobile were directly contributed to and solely caused by plaintiff's aforesaid acts of negligence hereinbefore set forth, in the driving and operation of his said automobile at the time and place alleged in plaintiff's petition, which said acts of negligence are fully set out above in subparagraphs (a), (b), (c), (d), (e) and (f) of paragraph 2, immediately above." In the subparagraphs referred to, defendant charged plaintiff with negligence at the time and place in question in operating his automobile "at a high and excessive rate of speed under the conditions then and there existing," failure to keep a vigilant lookout for other traffic, failure to keep his automobile under control, failure to operate his "said automobile to the left of the center of highway in the direction he was traveling," failure to drive and operate said automobile as close to the right-hand side of the highway as practicable, failure to stop, slacken speed or turn aside upon the first appearance of danger to person and property on the highway and failure to operate the automobile in a careful and prudent manner and to exercise the highest degree of care. It is true that the allegations appear in the part of the pleading designated "counterclaim," but the first paragraph of this portion of the pleading states: "Defendant Lee Lasswell for further answer to the plaintiff's petition and for counterclaim herein states * * *."

Contributory negligence was sufficiently pleaded and the cause was clearly tried on the theory that plaintiff's negligence was an issue in the case and it was so submitted. Plaintiff's first and principal instruction submitted a finding that "at such time and place John Palmer (plaintiff) was operating his automobile traveling north in the right-hand lane or east lane of such highway, if so, and that John Palmer at such time and place was exercising the highest degree of care for his own safety in the operation of such automobile * * *." Further, plaintiff considered the counterclaim as submitted. Plaintiff's instruction No. 4 was as follows: "If you find in favor of John Palmer and against Lee Lasswell on the First and Second Counts, or either of them, under the instructions herein given, if so, then your finding should be against Lee Lasswell and in favor of John Palmer on the counterclaim of Lee Lasswell against John Palmer." And plaintiff's instruction No. 6 included the following: "The Court therefore instructs you that it is necessary for you by your verdict to decide on Count One whether your finding should be for the plaintiff or for the defendant, and on Count Two whether your verdict should be for the plaintiff or for the defendant, and on the counterclaim whether your verdict should be in favor of Lee Lasswell or in favor of John Palmer."

It is true that defendant offered no instructions, not even a measure of damages instruction on his counterclaim. The jury, as stated, returned a verdict in his favor on his counterclaim, but assessed no damages. No error is assigned upon the fact of the submission of the counterclaim without the aid of instructions other than those mentioned, nor upon the verdict for defendant on the counterclaim. Appellant complains only of defendant's instructions "A" and "B".

Instruction "A" is as follows: "The Court instructs the jury that the plaintiff, John Palmer, should exercise the highest degree of care while operating an automobile on the public highway of the State of Missouri, that is, such care as a careful and prudent person would exercise under the same or similar circumstances; therefore, if you find and believe from all the evidence in this case that the plaintiff, John Palmer, failed to exercise the highest degree of care for his own safety, if you do so find, while operating an automo-

bile upon public highway 63, in that plaintiff, John Palmer, negligently and carelessly operated his said automobile at a high and excessive rate of speed under the circumstances; that he operated his said automobile to the left of the center of the highway; failed to keep a lookout for other traffic upon said highway; failed to keep his said automobile under control; failed to operate his said automobile as close to the right hand side of the highway as practicable; failed to stop said automobile, slacken the speed of same or turn his automobile aside under the circumstances so as to avoid colliding with defendant's truck, although plaintiff, John Palmer, by the exercise of the highest degree of care for his own safety could have done so; and if you further find that such failure to exercise the highest degree of care for his own safety, if you do so find, contributed to cause his injuries to himself, his wife, or damage to his automobile, if any they received on the occasion mentioned in the evidence, then you should find that John Palmer, the plaintiff, is guilty of contributory negligence, he cannot recover herein, and your verdict must be for the defendant, Lee Lasswell."

■ Appellant contends that instruction "A" is "erroneous in instructing the jury as to excessive speed at which plaintiff's automobile was alleged to have been driven *as there was no evidence of excessive speed* on the part of plaintiff." (Italics ours.) There is no evidence in the record to sustain a finding that plaintiff was operating his automobile at an excessive or negligent speed (under the circumstances, about which there is no dispute), but the assignment was submitted in the conjunctive with other assignments which are supported by a favorable view of defendant's evidence as hereinafter referred to.

In determining whether a defendant's instruction is supported by substantial evidence we must consider the evidence in a light most favorable to defendant and disregard unfavorable evidence. Rothe v. Hull, 352 Mo. 926, 180 S.W.2d 7, 9; LeGrand v. U-Drive-It Co., Mo.Sup., 247

S.W.2d 706, 710; Toburen v. Carter, Mo. Sup., 273 S.W.2d 161, 164. When so viewed, it appears that defendant's truck struck the Collins' car and stopped in its own traffic lane 2 feet west of the center line of the highway; that plaintiff was looking at the Collins' car and drove over into the southbound traffic lane and into the left front wheel of defendant's truck and never saw the truck until he was within 3 feet of the truck, although the truck was directly behind the Collins' car and had been in plaintiff's view for 150 feet or for half a block; that plaintiff could have seen the truck, but didn't stop, slacken speed or turn aside, instead, he speeded up on entering the intersection and turned to his left. Defendant was not bound by plaintiff's testimony that he only "speeded up a little trying to get out of his (defendant's) way," nor by plaintiff's testimony that he had no time to act. From the evidence favorable to defendant, the jury could find a failure to keep a lookout, a failure to operate as close to the right-hand side of the highway as practicable, and further that plaintiff operated his car to the left of the center of the highway and failed to stop, slacken speed or turn aside to avoid a collision with defendant's truck. This contributory negligence instruction in these respects is supported by substantial evidence. A verdict for defendant on the ground that plaintiff was guilty of contributory negligence defeating recovery is conditioned upon an affirmative finding against plaintiff on all of the issues of contributory negligence submitted in the instruction. In this situation, where some of the assignments of negligence submitted are not supported by evidence, but others submitted are supported by substantial evidence, the error is not a reversible one. Wright v. Spieldoch, 354 Mo. 1076, 193 S.W.2d 42, 49; Corley v. Kroger Grocery & Baking Co., 355 Mo. 4, 193 S.W.2d 897, 900; Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912, 915.

Appellant next contends that the instruction is erroneous "in submitting in the disjunctive and alternative alleged contributory negligent acts of plaintiff * * * as there was *no evidence direct or circum-*

*stantial* that plaintiff could have stopped his automobile, slackened his speed or turned his automobile aside and thereby have avoided colliding with defendant's truck." (Italics ours.) While the assignments mentioned are in the disjunctive or alternative with reference to each other within the particular clause, they are in the conjunctive with other assignments of negligence submitted, some of which assignments were supported by evidence. Considering defendant's evidence that plaintiff ran into the truck in the west traffic lane while watching the Collins' automobile and from plaintiff's admission that he didn't see the truck until he was within 3 feet of it, while his wife saw it 150 feet away, the jury, could infer and find that if plaintiff had been attentive he could have stopped, slackened speed or turned aside and avoided the collision and damage to himself and his wife and to his property.

■ Appellant next contends that the instruction erroneously "failed to hypothesize facts concerning speed" ("excessive rate of speed under circumstances") and failed to hypothesize facts concerning slackening of speed or turning his automobile aside *under the circumstances.* Appellant says there was a conflict in the evidence concerning the circumstances. Appellant cites Dahlen v. Wright, 361 Mo. 524, 235 S.W.2d 366; Knight v. Richey, 363 Mo. 293, 250 S.W.2d 972, 977, and Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496, 500. The instruction submitted no finding as to the rate of speed of plaintiff's automobile nor as to the circumstances existing immediately prior to the collision, however the only real conflict in the evidence, other than as to the speed of defendant's truck, was whether plaintiff or defendant crossed the center line of the highway to cause the collision. Further, plaintiff's instruction No. 1 was subject to the same defect in the submission of defendant's negligent speed as appellant now complains of defendant's instruction. Instruction No. 1, after submitting facts about which there was no controversy or conflict in the evidence, submitted: " * * * and if you find and believe from the evidence that the defend-

ant Lee Lasswell at such time and place in evidence negligently and carelessly failed to keep a vigilant lookout for other cars in the path of his motor vehicle, if so, and was then and there carelessly and negligently driving his truck at an excessive speed under the circumstances aforesaid, if so, and you find that defendant Lee Lasswell at such time and place negligently and carelessly failed to keep his said motor vehicle under control, if so, and negligently and carelessly permitted his motor vehicle to collide with the automobile operated by plaintiff, if so, and that defendant Lee Lasswell negligently and carelessly operated such truck to the left of the center of the highway in the direction he was traveling, if so, and if you further find and believe from the evidence that the negligence, if any, of the defendant Lee Lasswell in the respects aforesaid caused or contributed to cause a collision between such truck and the automobile operated by John Palmer, if so, and * * *." It will be noted that plaintiff submitted no finding as to any disputed issues of fact or circumstances as a basis for finding negligent speed, not even a finding as to the rate of speed at which defendant operated his truck, although there was conflicting evidence as to speed. In such situation plaintiff-appellant is in no position to complain of a similar defect in defendant's instruction. The error is common to both submissions. Carson v. Evans, 351 Mo. 376, 173 S.W.2d 30, 32.

■ Appellant further complains that the instruction "A" contains "a comment on the evidence and an assumption by the trial court that John Palmer could have avoided the collision by the exercise of the highest degree of care." Appellant refers to the use of the words "although plaintiff, John Palmer, by the exercise of the highest degree of care for his own safety could have done so." The instruction is not a comment on the evidence, nor does it assume that plaintiff could have avoided the collision by the exercise of the highest degree of care. When the instruction is read as a whole, the instruction merely submitted a finding that plaintiff Palmer failed to "stop said automobile, slacken the speed

of same or turn his automobile aside under the circumstances so as to avoid colliding with defendant's truck, although plaintiff, John Palmer, by the exercise of the highest degree of care for his own safety could have done so * * *." See, Bloch v. Kinder, 338 Mo. 1099, 93 S.W.2d 932, 933(6), where a similar complaint was made against a very similar instruction and the matter fully considered and ruled adversely to appellant's contention. The instruction does not directly submit an express finding of contributory negligence in accordance with defendant's evidence, to wit, that plaintiff, while watching the Collins' automobile, permitted his own automobile to cross the center line of the highway and collide with defendant's truck, while it was stopped in the southbound traffic lane, but we do not see how the jury could have been misled by such failure, because the issue of fact was simple, to wit, did plaintiff cross the center line and strike defendant's truck, or did defendant's truck cross the center line and strike plaintiff's automobile. Nor did plaintiff's instruction No. 1 expressly and directly submit that defendant drove and operated his truck across the center line of the highway and into collision with plaintiff's automobile on the east side of the highway. After a careful consideration of all of the complaints leveled against instruction "A", we do not find it reversibly erroneous on the record presented. Carson v. Evans, supra, 173 S.W.2d 30, 32(10).

Error is assigned on the giving of instruction "B", as follows:

"The Court instructs the jury that the burden is upon the plaintiff, John Palmer, to prove by the preponderance, that is the greater weight of the evidence in the case, every fact, which, under the instructions of the court, he is required to prove in order to make out his case, and if the jury believe that the evidence as to any one of such facts is in favor of defendant, Lee Lasswell, or even if you believe the evidence as to any one of such facts is equally balanced between the plaintiff, John Palmer, and defendant, Lee Lasswell, then the plaintiff, John Palmer, has failed to make a case, and it is the duty of the jury to find a verdict in favor of the defendant, Lee Lasswell, on plaintiff's cause of action."

Appellant contends that the instruction "is confusing and misleading, giving the jury a roving commission to guess and speculate as to the acts plaintiff was required to prove in making his case." Appellant says the instruction placed the burden upon plaintiff to prove he was not guilty of contributory negligence and referred the jury to some other instructions which would include erroneous instruction "A". It is apparent that instruction "A" sets forth no facts that plaintiff was "required to prove in order to make his case." Appellant relies upon Szuch v. Ni Sun Lines, Inc., 332 Mo. 469, 58 S.W.2d 471, 473, where contributory negligence was an issue and an instruction placing on plaintiff the burden of proof to establish "the facts necessary to a *verdict* in his favor under these instructions" was held erroneous. Also see Manar v. Taetz, Mo.App., 109 S.W.2d 721, 723 and in Tappmeyer v. Ryckoff, Mo.App., 45 S.W.2d 890, 891. Instruction "B", uses the words "every fact, which, under the instructions of the court he is required to prove in order to make out his case." Similar instructions have been approved. Cornwell v. Highway Motor Freight Line, 348 Mo. 19, 152 S.W.2d 10, 12(1); Adams v. City of St. Joseph, 360 Mo. 806, 230 S.W.2d 862, 863; Nelson v. Wabash R. Co., Mo.App., 194 S.W.2d 726, 730(8). We do not find the instruction to be confusing or misleading or even tending to give the jury a roving commission to guess and speculate as to the acts plaintiff is required to prove in making out his case. These facts sufficiently appear from instruction No. 1 given at plaintiff's request.

The judgment is affirmed.

All concur.