Mazie STEWART, Plaintiff-Appellant,

v.

John W. BORING, Defendant-Respondent.

No. 46238.

Supreme Court of Missouri,

Division No. 2.

April 14, 1958.

Murphy & Gaertner, Carl R. Gaertner, St. Louis, for appellant.

William H. Tombrink and Strubinger, Tudor, Tombrink & Wion, St. Louis, for respondent.

BARRETT, Commissioner.

In this action to recover $10,000 damages for personal injuries a jury returned a verdict in favor of the defendant, John W.

Boring, and, upon the trial court's overruling the motion for a new trial, the plaintiff perfected this appeal. The plaintiff, Mazie Stewart, and her neighbor, Miss Toomey, were passengers in Mr. Stewart's 1951 Frazier automobile when it was involved in a collision with Mr. Boring's 1952 two-door Plymouth sedan at the intersection of Spring and Cook Avenues. Upon her appeal Mrs. Stewart insists that the trial court so erred in overruling her motion for a new trial that this court should reverse the final judgment and remand the cause for a new trial. The two principal reasons urged as requiring this court to grant a new trial are that the trial court erred in giving instruction number 7 and in overruling her objection to defense counsel's argument to the jury.

The plaintiff's right to recover was submitted upon the hypothesis that Mr. Boring, traveling south on Spring Avenue, drove into the intersection, "toward and into the path of" Mr. Stewart's westbound automobile, on Cook Avenue, when "said westbound automobile was in a position of probable danger of coming into collision with his automobile." The single specification and hypothesis of negligence was that Mr. Boring failed "to exercise the highest degree of care to keep and maintain a careful and vigilant lookout to see, discover and be aware of the position and movement of said westbound automobile in which plaintiff was a passenger, and was thereby negligent * * *." Against this specific submission the defendant offered and the court gave but one instruction concerning the essential merits of the cause and that was instruction seven, which hypothesized a finding of negligence on the part of Mr. Stewart in three specific respects as the sole cause of the collision and his wife's injuries. These were (1) failure to keep his automobile under control, (2) speed of 30 to 35 miles an hour, and (3) failure to keep a reasonably sufficient lookout for other automobiles. As to the defendant's own negligence the instruction concluded, "and that the defendant was not guilty of

any negligence as submitted in other instructions given you."

It is urged, in the first place, that the evidence most favorable to the respondent did not present a sole cause situation in that it did not negate the possibility of concurring negligence on his part, and, in this connection it is said that the evidence "conclusively" showed that the defendant was guilty of negligence in driving into the path of an approaching automobile and in failing to keep a continuous lookout for approaching vehicles. In the second place it is urged that the instruction is erroneous in two respects: (a) it failed to hypothesize sufficient facts to establish that the collision was the result of the sole negligence of plaintiff's husband, and, (b) that it submits three acts of negligence in the disjunctive, for one of which, failure to keep his automobile under control, there was no evidentiary support.

There are no stop lights or signs at the intersection of Spring and Cook Avenues. There are, however, "slow" or "caution" signs on all four corners. Mr. Boring and his wife testified that as Mr. Boring drove south on Spring his maximum speed was approximately twenty miles an hour. As he approached Cook Avenue he slackened the speed of his automobile and by the time he was five to ten feet from the intersection had reduced his speed to approximately five miles an hour. As he approached the intersection in this manner he looked to the left and saw an automobile approaching from the east approximately "one hundred feet from the east curbline of Spring Avenue." He shifted the gears into second and accelerated his speed to twelve to fifteen miles an hour and when his automobile was "better than halfway across," two-thirds of his automobile being then across the center line of Cook Avenue, the panel of his car to the rear of the door, particularly the left rear fender, wheel and gas tank, was struck by the front end of the automobile he had seen coming from the east, Mr. Stewart's car, at an undiminished speed of 30 to 35 miles

an hour. The impact turned Mr. Boring's car around in the intersection and it stopped with the back end up on the curb in the southwest corner of the intersection.

Mr. Stewart's version of the collision was that he was traveling in a line of traffic on Cook Avenue, "concentrating on the man in front of me and he was my biggest concern." He says that before entering the intersection he looked and saw no vehicles approaching on Spring. He says, "After I seen Mr. Boring I was about a quarter of the way or close to halfway into the intersection." He had no idea of the speed of the Boring car and could not estimate it. He said that his own speed was 25 to 30 miles an hour and, "as far as I can recollect," the speed of his automobile was not diminished until the collision. In any event, he says that he was three fourths of the way when "I seen Mr. Boring dart from this corner" and he tried to turn his automobile "around and stop." Nevertheless, his right front fender hit the left side of Boring's automobile, "between the door and wheel." He conceded, upon cross-examination, that "part" of the Boring automobile was south of the center line of Cook Avenue when the vehicles collided.

Without demonstrating, point by point, it is indeed a reasonable inference from the noted evidence, particularly his evidence, that Mr. Stewart was negligent in the three respects set forth in instruction seven—as to speed, failure to maintain a reasonable lookout and failure to have his automobile under control in the circumstances. And likewise, against Mrs. Stewart's sole claim of Boring's negligence in failure to maintain a proper lookout, her husband's negligence as the sole cause of the collision in the enumerated respects was an inference for the jury to draw. Hamell v. St. Louis Public Service Co., Mo.App., 268 S.W.2d 60. There was an evidentiary basis for all three specifications of negligence whether they were submitted conjunctively or disjunctively. Just what the appellant means by "conclusively" is not known; in any event it may not be declared as a matter of law that Mr. Boring was negligent in entering and proceeding into the intersection in the noted circumstances. He could not and was not bound to anticipate in any and all events that Mr. Stewart would not have his automobile under control or that he would not see an automobile entering the intersection. Moore v. Southwestern Bell Telephone Co., Mo., 301 S.W.2d 817. Mr. Stewart offers no excuse nor does he explain why he did not see the automobile on Spring Avenue, he simply says that he did not see it and yet it must have been there. While the differences in speed and distance in this case are but a matter of degree, the speeds, distances, circumstances and issues are not precisely comparable to those in Folluo v. Gray, Mo.App., 256 S.W.2d 273; Yeaman v. Storms, 358 Mo. 774, 217 S.W. 2d 495 and Hammond v. Emery-Bird-Thayer Dry Goods Co., Mo., 240 S.W. 170. The circumstances and what was said in those cases concerning contributory negligence of the plaintiffs involved is peculiarly applicable to Mr. Stewart's conduct in the operation of his automobile in this intersectional collision.

■ As the appellant urges, however, the instruction is deficient in form as has often been pointed out in the sole cause cases; it does not sufficiently hypothesize the facts concerning the three respects or circumstances in which Mr. Stewart was negligent. Lix v. Gastian, Mo.App., 287 S.W.2d 354. But it does not follow as a matter of course that plaintiff is entitled to a new trial unless it is demonstrable that it in some manner infringed the plaintiff's right to a fair trial. This, although a guest case, does not involve the humanitarian doctrine and hence the necessity of the defendant's excluding that hypothesis as a concurring cause. Compare: Bunch v. Mueller, 365 Mo. 494, 284 S.W.2d 441 and Pearson v. Kansas City Ice Co., Mo., 234 S.W.2d 783. In this case the single hypothesis of Boring's liability was failure to maintain a lookout and the instruction, concluding "and that the defendant was not guilty of any negligence as submitted in other in-

**134**

structions given you," sufficiently excluded that assignment of primary negligence as a concurring cause. Happy v. Blanton, Mo., 303 S.W.2d 633, 639; Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912. This instruction was not self-contradictory in any respect as was the fact in Hamell v. St. Louis Public Service Co., supra, it did not omit a usually inserted clause as in one of the sole cause instructions in Happy v. Blanton, supra, and it was not manifestly confusing and therefore prejudicial as was the fact in Millhouser v. Kansas City Public Service Co., 331 Mo. 933, 55 S.W.2d 673.

As indicated, the plaintiff hypothesized Mr. Boring's specific act of negligence in general terms, "that said defendant failed to exercise the highest degree of care to keep and maintain a careful and vigilant lookout to see, discover and be aware of the position and movement of said westbound automobile in which plaintiff was a passenger." In addition, at the plaintiff's request, the court gave another instruction upon the subject of sole cause which defined the term and told the jury that if they found the "defendant was negligent as submitted in Instruction No. One" then the jury could not find the issue of sole cause in favor of the defendant. This is not to place the decision alone upon the doctrine of waiver and adoption, although it is of some force in this case. See and compare: Hamell v. St. Louis Public Service Co., supra; Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756; Chamberlain v. Missouri-Arkansas Coach Lines, Inc., 351 Mo. 203, 173 S.W.2d 57; Kelly v. Lahey, Mo.App., 232 S.W.2d 177 and Carson v. Evans, 351 Mo. 376, 173 S.W.2d 30, 32. In the latter case, submitted on the humanitarian doctrine, the court said, "Where the instructions of both parties have submitted certain issues in general rather than specific terms, complaint on this score by one of the parties will not be permitted."

What has been said heretofore points up the outstanding characteristic of this case, the fact that it is a very simple case, involving easily understood issues of primary neg-

ligence, all within the common knowledge of the members of the jury panel. It is an elemental, intersectional automobile collision, and in the absence of plainly confusing or misleading instructions, manifestly infringing substantial rights in a substantial manner—"that error was committed by the trial court against the appellant, and materially affecting the merits of the action" (V.A.M.S. § 512.160(2)), a new trial is not demanded. Carson v. Evans, supra; Ferguson v. Betterton, supra; Happy v. Blanton, supra; Knox v. Weathers, supra; Brooks v. St. Louis Public Service Co., Mo., 275 S.W.2d 252.

The contention that the trial court so erred with respect to defense counsel's argument as to demand the granting of a new trial is based upon an excerpt, apparently near the close of his argument: "I think my clients are all right, I think the Stewarts are all right, he is no doubt a good man and she a good woman, and I think the Borings are good people, but that is beside the question. Why must he be mulcted in this case when there is absolutely no reason, no basis for it? All you have got to do is to place yourself in an identical position with him." At this point there was an objection, rather a request "that be stricken out and the jury instructed to disregard that statement" and that counsel be reprimanded for making it for the reasons that it was improper and highly prejudicial. The court overruled the objection and denied the motion, saying to the jury, "Gentlemen, you follow the evidence and the instructions I have given you." It is now urged that the argument "mulcted in this case" and asking the jury to "place itself in an identical position with the defendant" were both so improper as to infringe the plaintiff's right to a fair trial and command the granting of a new trial.

It is not plain from the oral objection to which statement plaintiff's counsel was specifically objecting, in any event, the only assignment in her motion for a new trial is "to the effect that the jurors should put themselves in the position of the

defendant." Some arguments are so manifestly inflammatory and improper that a general objection, perhaps no objection, is sufficient to call for affirmative action on the part of the trial court. Dodd v. Missouri-K.-T. R. Co., 353 Mo. 799, 184 S.W.2d 454; Davis v. F. M. Stamper Co., 347 Mo. 761, 148 S.W.2d 765. But when argument is not so manifestly improper there is a discretion in the trial court and there must be timely objection, successive requests for specific action and specific assignment in the motion for a new trial. Marler v. Pinkston, Mo., 293 S.W.2d 385. In Williamson v. St. Louis Public Service Co., 363 Mo. 508, 252 S.W.2d 295, 303, the defendant was objecting to the argument, "Just imagine your wife or your mother at the age of fifty seven facing the prospect * * *." But the assignment was not in the defendant's motion for a new trial and this court refused to consider it. The objection to "mulcted" is not in plaintiff's motion here and in its context, regardless of its specific dictionary definition, is not so manifestly inflammatory as to demonstrate that the court abused its discretion as the court held when plaintiff's counsel invoked the Golden Rule in Warning v. Thompson, Mo., 249 S.W.2d 335, 30 A.L.R.2d 1176. As to the argument to which there was specific objection in her motion, the court's admonition to the jury to follow the evidence and the instructions has been construed as a sustension of the objection and a mild rebuke to counsel, sufficient in the circumstances. Shields v. American Car & Foundry Co., Mo.App., 293 S.W. 77; Pandjiris v. Oliver Cadillac Co., 339 Mo. 711, 724, 98 S.W.2d 969, 976. But, assuming that both arguments were improper, as they were, the trial court exercised its discretion in overruling the motion for a new trial and in the circumstances the argument was not so plainly inflammatory as "to have affected the result of the trial of the case." Collins v. Cowger, Mo., 283 S.W.2d 554, 560.

The claim that the court erred and that plaintiff is entitled to a new trial because, after sustaining defendant's objection to a question, plaintiff's doctor was not permitted to answer a hypothetical question regarding causal connection between her present complaints and an injury sustained in 1949 have to do only with her injury and damages in the event she should be entitled to a new trial and need not be considered upon this appeal. As indicated, in the respects urged, there was not such error materially affecting the merits of the cause as to demand the granting of a new trial and accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.